416 So.2d 361 (1982)
Rudy MILLS
v.
Richard GANUCHEAU, et al.
No. 12-916.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1982.
Rehearing Denied July 16, 1982.
*362 Henry P. Julien, Jr., New Orleans, for plaintiffs-appellants.
Louis A. Heyd, Jr., New Orleans, for defendant-appellee.
Before KLEES, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
This is an action for damages claimed to have been sustained by the plaintiff, Rudy Mills, as a result of the negligent acts of the defendant, Deputy Clerk Johnny Ohlsen, (sometimes referred to as Johnny Ohlsson), while in the employ of Richard Ganucheau, Clerk of Civil District Court. The district court[1], after a trial on the merits, rendered judgment in favor of the plaintiff, Rudy Mills, and against the defendants, Richard Ganucheau, Clerk of Civil District Court, and Johnny Ohlsen, Deputy Clerk, in the sum of $7,500.00, plus interest and costs. The defendants filed this suspensive appeal. We affirm.
The trial judge, in his lucid reasons for judgment, stated findings of fact and a recitation of the applicable law which serves as the basis for the judgment granted in favor of plaintiff. We adopt his reasons as our own.
The trial judge stated:

REASONS FOR JUDGMENT
"Plaintiff, Rudy E. Mills, filed a petition for damages against defendants, Richard J. Ganucheau, now Judge and formerly Clerk of the Civil District Court for the Parish of Orleans and Johnny Ohlsson, a Deputy Clerk of the same Court. It is alleged by plaintiff that he was arrested and imprisoned because Ohlsson failed to properly check the records of the Civil District Court before replying to a letter dated August 23, 1978 from Captain Albert M. Fried, of the Los Angeles Police Department inquiring as to the legal custody of the minor children.
The sequence of events is as follows:
On August 29, 1975 Vilma Allen Mills was awarded the care, custody and control of the minor children of her marriage to Rudy E. Mills, namely Rudy E. Mills, Jr., Alexander Mills and John Mills. This judgment *363 was rendered in a suit for separation filed by Mr. Mills against Mrs. Mills entitled "Rudy E. Mills versus Vilma Allen, wife of Rudy E. Mills", Docket No. 596-268, Division "F" of the Civil District Court.
In 1976 David Mills was born and some time later that year Mrs. Mills left for California, taking only the youngest child with her. The balance of the children remained in the physical custody of their father.
Mills then filed a suit for divorce against his wife, bearing Docket No. 77-95, Division "J" and on January 27, 1977 was awarded a judgment of divorce and the care, custody and control of the minor children, Rudy E. Mills, Jr., Alexander Mills and John Mills.
In 1977 Mills visited his ex-wife in California and brought the three children with him, namely, Rudy, Alexander and John. Following the visit Mrs. Mills would not permit the children to return to Louisiana with her former husband.
In the summer of 1978 plaintiff travelled to the State of California and brought all four children of the marriage home to New Orleans with him. Mrs. Mills then filed a child stealing complaint against Mills on August 13, 1978 furnishing the authorities with a copy of the judgment dated August 29, 1975. In investigating the complaint, Captain Albert M. Fried forwarded the following letter dated August 23, 1978 to the Clerk of the Civil District Court, to-wit:
`Clerk of Civil District Court
421 Loyola Avenue
New Orleans, Louisiana 70112
Dear Sir:
This Department is currently conducting a criminal investigation regarding an act of child stealing. The involved parents are Vilma and Rudy S. Mills, both residents of the City of New Orleans.
It is necessary that this Department obtain certified copies of all court orders regarding custody of the minor children, Rudy, Jr., Alexander, John and David Mills. Our information has revealed that this matter was handled in Division "F", Civil District Court for the Parish of Orleans, No. 596-268, Docket 5 on August 26, 1975. We also need any court orders handed down since that date.
Copies of these court documents will be used by the Los Angeles District Attorney for the purpose of resolving the current complaint.
This Department will greatly appreciate your attention to this matter, and ask that you send the documentation to Investigator W. J. LaBrie # 16130, Los Angeles Police Department, Southwest Special Investigations Team, 1546 W. Santa Barbara Avenue, Los Angeles, California 90062
Very truly yours,
DARYL F. GATES, Chief of Police
ALBERT M. FRIED, CAPTAIN
Acting Commanding Officer, Southwest Area'
The letter was delivered to the defendant, Johnny Ohlsson, Senior Deputy Clerk of Docket No. 5 of the Civil District Court. This docket handles separations and divorces among other types of cases.
After checking the record of Case No. 596-268, Mr. Ohlsson typed across the bottom of the letter as follows:
`The enclosed judgment is the only judgment rendered in the above named suite.

 J. Ohlsson, Dy. Clerk'
Following receipt of this reply from Ohlsson, Detective William J. LaBrie swore out a complaint against plaintiff for child stealing. Thereafter, a warrant was issued for plaintiff's arrest.
Plaintiff was arrested in New Orleans on the fugitive warrant on September 27, 1978 and was not released on bond until the afternoon of September 29, 1978. While plaintiff was in jail during this period Mr. Mills was served with a rule to change custody back to his ex-wife.
Custody of the minor children was again awarded to Mrs. Mills on September 29, 1978 while her ex-husband was incarcerated. Further, the plaintiff was unrepresented at the hearing with Wilfred McKee, attorney for plaintiff claiming he had a conflict in court dates on the 29th. Further, *364 both McKee and Mills claimed they could not properly communicate about the matter with plaintiff confined in jail.
On October 13, 1978 plaintiff appeared in Court at the extradition hearing with counsel, McKee. McKee advised plaintiff to waive extradition and voluntarily to return to California to get the matter settled. Mills testified he waived extradition on advise of counsel, principally because the local judge indicated that under the criminal procedure in effect in this State, he could not consider the validity of the various judgments of custody rendered in this case. Additionally, plaintiff testified that he was without funds to further contest the proceedings and that the State of California would bear the cost of air transportation to that State if he waived extradition. Moreover, Mills testified that the matter had to be resolved and since the State of California had filed the charges he had been led to believe that the matter would have to be settled there.
Plaintiff was returned to California on October 31, 1978 where he remained in jail for two days until released in the custody of a Los Angeles attorney. The charges filed by the State of California against plaintiff were dismissed on November 15, 1978.
Plaintiff filed the instant suit for damages on October 30, 1979. Defendants filed a peremptory exception of prescription of one year, urging that the alleged cause of action occurred more than one year prior to the commencement of this action.
This Court overrules the defendants' plea of prescription. Prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his neglect. Cordova v. Hartford Accident and Indemnity Co., 387 So.2d 574 (La.Sup.Ct.1980). This Court also holds that plaintiff did not discover until November 15, 1978 that the Los Angeles Police Department had mailed a letter to the Clerk's Office in New Orleans and that Ohlsson had returned the letter with his notation contained thereon. It is also the conclusion of this Court that plaintiff's failure to learn of the existence of the letter sooner was not the result of neglect or willful ignorance.
The Clerk of Court is the legal custodian of all of its records, and is responsible for their safekeeping and preservation. LSA C.C.P. Art. 251. Further, the Clerk of Court is required to keep a docket of all cases of separation and divorce, with proper indices thereto. LSAR.S. 13:1216. Additionally, Rule 5, Section 1 of the Rules of the Civil District Court for the Parish of Orleans, provides that the Clerk shall keep the several dockets required by LSAR.S. 13:1216, in one room. Rule 6, Section 14 provides that the Clerk shall keep an index of the general docket and of each particular docket under LSAR.S. 13:1216. The record reflects that since 1976 there has been maintained a card index for docket five cases listed alphabetically by plaintiffs and defendants and cross-indexed.
The above cited authority requires of the Clerk of Court that he have a complete and thorough knowledge of the dockets under his control. Furthermore, being the custodian of the records gives the Clerk the sole responsibility for disseminating requested documentation.
LSA-R.S. 44:32 prohibits the Clerk from making any inquiries of any person who applies for a public record beyond the purpose of establishing his authority. However, in this case, the Los Angeles Police specifically set forth their purpose in requesting the documentation.
Deputy Clerk Ohlsson testified that the Los Angeles Police could not have received the requested documentation from any other source. He also stated that he knew why the documentation was being sought. He further related that he knew separation and divorce proceedings are sometimes filed in separate records.
The Louisiana Code of Civil Procedure Article 251, provides that the Clerk of Court may issue a copy of any of the records over which he is the custodian. While the article does not require any specific legal duty on the part of the Clerk of Court, this Court *365 feels that once he had undertaken this responsibility he is to be held to a standard of care mandated by Articles 2315 and 2316 of the Louisiana Civil Code pursuant to the circumstances of each case. This Court believes that these articles provide a broad ambit of protection for those persons damaged by negligent acts of misrepresentation of others. See Devore v. Hobart Manufacturing Co., 367 So.2d 836 (Sup.Ct.1979).
Actionable negligence results from the creation of maintenance of an unreasonable risk of injury to others, and the likelihood that harm may be caused is relevant in determining whether the risk is unreasonable. Guilbeau v. Liberty Mutual Insurance Co., 338 So.2d 600 (La.Sup.Ct.1976). The likelihood that harm may be caused was prominent in this case.
This Court feels that the information requested in Captain Fried's letter, together with Mr. Ohlsson's knowledge of the Clerk's Office and accessibility of its records, should have put Ohlsson on notice that a more thorough search of the records was necessary.
Mr. Ohlsson further testified that he was aware of the possibility of criminal action being dependent on his response and that the Los Angeles Police Department was relying on him for pertinent information relative thereto.
It appears here that a reasonable standard of care requires that Ohlsson should have at least checked the index cards of the docket five suits.
This Court made a first hand inspection of these and within two (2) minutes found two index cards, one entitled "Rudy Mills v. Velma Mills" Docket No. 596-268 and another entitled "Rudy Mills v. Velma Mills", Docket No. 77-95. Both of these cards were also cross-indexed for easy reference.
Therefore, this Court finds that defendant, Ohlsson, was negligent under the circumstances of this case.
Additionally, the evidence overwhelmingly supports a determination that Ohlsson was acting within the scope of his employment at the time he sent the requested documentation to the Los Angeles Police Department. As a Deputy Clerk of Court, Mr. Ohlsson is an employee of the Clerk of Court. The Clerk of Court at the time of the incident in question was Richard J. Ganucheau.
As a result of the negligence detailed above, defendant was required to spend a total of five (5) days in jail, was extradited to California and has a permanent felony arrest on his record.
This Court feels that an award in the sum of Seven Thousand Five Hundred and No/100 ($7,500.00) Dollars is fair for the damages sustained by plaintiff. Further, this Court feels that a higher award would be granted in this case except that plaintiff voluntarily waived extradition proceedings."
In appealing this judgment defendants urged that the trial court erred in concluding that once the Clerk of Court answered the inquiry of the Los Angeles Police that he was held to a standard of care mandated by Articles 2315 and 2316 of the Louisiana Civil Code; that the court further erred in ruling that the letter from Los Angeles was clear and precise enough to have put defendants on notice to make the more thorough search; and, that the court erred in ruling that defendants did not meet the standard of care that would be reasonable under these circumstances. We find no merit in these assignments of error and hold that the trial court committed no manifest error in holding the defendants liable for their negligent acts. Further, a review of the record does not indicate that the trial judge was clearly wrong in his finding of facts and in his interpretation of the law. Canter v. Koehring, 283 So.2d 716 (La.1973) at 724 and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) at 1333.

DAMAGES
The defendants argue that the trial court's award of $7,500.00 damages constitute an abuse of discretion. The individual circumstances of each case are controlling in a determination by the reviewing court *366 as to whether a trial court's award is excessive. Reck v. Stevens, 373 So.2d 498 (La. 1979). Before an appellate court may disturb the award made by the trial court, the record must clearly reveal that the trier of fact abused his discretion in making the award, based upon the particular injuries sustained and their effect on the particular person injured. Perniciaro v. Brinch, 384 So.2d 392 (La.,1980): Reck v. Stevens, supra.
In this case the plaintiff was arrested, handcuffed, fingerprinted and photographed for future identification and transported cross country as a criminal suspect. He was imprisoned for a total of five (5) days. He also suffers the effects of having a permanent felony arrest on his record. These were injuries which resulted directly from the negligent actions of the defendants. Under these circumstances an award of $7,500 was not an abuse of discretion. The trial court did not err in its award of damages.
For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.
NOTES
[1] The Honorable Thomas C. Wicker, Jr. was appointed, by the Louisiana Supreme Court, to preside as judge ad hoc over the district court proceedings in this matter.