424 So.2d 504 (1982)
MAJESTIC FLOOR COVERINGS, INC.
v.
Michael K. LAWSON.
No. 5-317.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
*505 C. Lee Drake, Metairie, for plaintiff-appellant.
George Scariano, Metairie, for defendant-appellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This appeal comes to us from a suit to recover money owed on an open account. Majestic Floor Coverings, Inc. (plaintiff) instituted suit against Michael K. Lawson, (defendant) to enforce the payment for flooring materials delivered to defendant and for charges for installation. At trial the defendant argued that the merchandise was sold to a corporation which he merely represented as an agent, namely, Orleans Maintenance Company, Inc. (Orleans) and as such, defendant contended that he could not be held personally liable for the indebtedness. The plaintiff argues that at all times when dealing with the defendant, the plaintiff's president, Peter Oddo, believed he was negotiating with the defendant personally, only doing business as Orleans Maintenance, a noncorporate proprietorship. The trial court concluded that the plaintiff failed to prove its case by a preponderance of the evidence against the defendant, and thereby ruled in favor of defendant and against the plaintiff. From this judgment the plaintiff appeals.
The resolution of this appeal can be found in the determination of the following issues:
(1) Whether the evidence adduced at trial sufficiently supports the findings of the trial court, that the defendant was not acting personally, rather through his agency status representing a corporate entity and;
(2) Assuming that the defendant was acting through the existence of a corporation, was this artificial being a mere shell, allowing the court to pierce the corporate veil to find defendant individually liable.
As we have stated in innumerable opinions, the trial court is granted much discretion in its determination of facts and its conclusions will not be disturbed unless the record shows that manifest error has been committed. Canter v. Koehring Company, 283 So.2d 716 (La.1973). This legal principle of "manifest error" means the trial judge must be "clearly wrong" in his resolution of the case. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
A full review of the record does not show the trial court was clearly wrong. The record here is clear and contains sufficient evidence to establish the existence of a corporation and as a result, the defendant was acting within the limits of his agency status relative to this corporate entity.
After concluding that a corporation did exist, was it such that it constituted a mere shell or sham, thereby allowing the court to "pierce its corporate veil" and find the defendant personally liable?
The fundamental legal principle is that a corporation is a distinct legal entity, separate from the individual (or individuals) who comprise it. LSA-C.C. art. 435, 437; LSA-R.S. 12:93(B). There are a few limited situations in which a party can reach an individual shareholder by "piercing the corporate veil", thus making the individual liable for debts incurred by the corporation.
This can be done when a shareholder practices fraud upon a third person through the corporation or disregards the *506 corporate entity to such an extent that the individualities of the corporation and shareholder cease to exist; the corporation no longer exists as an individual distinguishable from the shareholder. Whether this doctrine of "piercing of the corporate veil" is to be imposed is determined by the totality of the circumstances. Smith-Hearron v. Frazier, Inc., et al., 352 So.2d 263 (La.App. 2nd Cir.1977). Furthermore, if individual liability will be assigned to a shareholder (or shareholders) is primarily a factual finding to be made by the trial court Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir. 1980), and Smith-Hearron v. Frazier, Inc., supra.
Finally, the law is clear in Louisiana, that the concept of the corporation as a separate entity is felt to be beneficial and is disregarded only in exceptional circumstances. Kingsman Enterprises v. Bakerfield Electric Company, 339 So.2d 1280 (La. App. 1st Cir.1976).
This issue was not presented to the trial court, however, our review of the entire record does not support or give us grounds to "pierce the corporate veil". Only in exceptional circumstances should the corporate entity be disregarded. Kingsman Enterprises v. Bakerfield Electric Company, supra.
The record fully reveals that in the transaction with the plaintiff, Michael K. Lawson at all times indicated he was acting on behalf of Orleans Material Company, Inc. and was not acting in a personal capacity.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.