DUFRESNE, Judge.
This is an appeal by Jessie Hamrick, Jr., plaintiff-appellant, from a judgment in favor of the Clerk of Court of Jefferson Parish, defendant-appellee, in a suit growing out of an arrest of plaintiff on an outstanding attachment issued when he failed to appear for an arraignment. Because we find that plaintiff failed to prove by a preponderance of the evidence that the clerk breached any statutory or assumed duty to have the attachment recalled when the district attorney subsequently dismissed the charges, we affirm.
The pertinent facts are these. Plaintiff was scheduled to appear for arraignment on three counts of receiving stolen things, on April 15, 1982. When he failed to appear, an attachment was issued by the trial judge commanding the sheriff to bring plaintiff into court “to answer for a contempt in neglecting or refusing to attend before said court as a defendant”.
On July 23, 1982, Hamrick’s counsel, Gerald Webre, telephoned James Maxwell, the assistant district attorney, to discuss the charges. A preponderance of the evidence shows that when Maxwell agreed to dismiss the charges, he sent for the clerk’s record, marked the indictment dismissed, and had his secretary return it to the clerk. It is further clear, contrary to the trial court’s factual finding, that Carolyn Robin, a deputy clerk, handled that record after Maxwell had marked it dismissed because she filled out and signed a dismissal form, dated July 23, 1982. There is no recall of the attachment appearing in the criminal record, and it is reasonable to conclude therefore that no such order was issued by the trial judge.
On April 3, 1983, plaintiff was stopped for questioning in an unrelated matter, and when a routine computer check turned up the attachment, he was arrested. While in jail, he got into an altercation with another inmate who punched him in the nose.
Plaintiff sued the sheriff and the clerk of court, and eventually settled with the sheriff and dismissed him from the suit. At trial of the matter against the clerk, plaintiff sought to prove that the deputy clerk deviated from routine procedures in regard to attachments, and that this deviation caused the attachment to remain outstanding, thus causing his injury. The trial judge ruled in favor of the clerk and dismissed the suit. Plaintiff now appeals.
The testimony of several present and former criminal minute clerks established that they routinely bring outstanding attach *820 ments to the attention of the judge when cases are dismissed. If the judge orders the attachment recalled, the clerk prepares a form so stating and presents it to the judge for signature. Once signed, the clerk delivers copies to the sheriff's office where notice of the attachment is removed from the computer.
It is admitted by plaintiff that there is no statute, ordinance or court rule mandating that the clerk check records in dismissed cases for outstanding attachments and bring these to the court’s attention. It is further admitted that clerks cannot order attachments recalled. It is also clear that attachments for failure to comply with a subpoena or summons are issued solely at the discretion of the court, and are orders to the sheriff to bring the person into court whenever and wherever he is found in order to be heard as to why he should not be held in contempt. La. Code Crim.Pro. arts. 17, 21, 22. The district attorney’s subsequent dismissal of the criminal charges giving rise to the issuance of a summons to appear has no legal bearing on the issuance or efficacy of a court ordered attachment for failure to appear as per that summons. Finally, such an attachment can only be recalled by order of the court, and it remains within the sound discretion of the court whether to recall the attachment, even when the criminal charges are dismissed.
With the above in mind, we turn to the case before us. Plaintiff’s basic argument is that because criminal clerks routinely bring to the judges’ attention outstanding attachments in dismissed cases, failure to do so in this particular case constituted a breach of that assumed duty to the plaintiff and renders the clerk liable to him for damages arising out of his arrest on the attachment. His argument is untenable for several reasons.
He first assumes the premise that contempt attachments are always recalled in dismissed cases when the trial judge is made aware of them. He then concludes from this assertion that because the attachment was not recalled, the clerk could not have informed the judge of its existence. Neither the premise nor the conclusion are supported by the record. As shown above, the recall of attachments for non-appearance in court is unrelated to the underlying charges, and both the issuance and recall of such attachments rest with the discretion of the trial judge. The trial judge did not testify, nor was other evidence presented, to show that this judge always recalled attachments when cases were dismissed. We thus have no way of determining whether he was made aware of the attachment and decided not to recall it, or inadvertently did not do so, or was never made aware of its existence. Mrs. Robin’s testimony does not address this question either. Her testimony was simply that she routinely checked records for attachments and brought these to the judges’ attention. The record is silent on whether she did or did not do that in plaintiff’s case. On this showing, we conclude that plaintiff failed to prove by a preponderance of the evidence that the clerk failed to bring the attachment to the judge’s attention, and that it would necessarily have been recalled had she done so.
We note further, that our ruling would be in the clerk’s favor even had there been proof that she did not bring the attachment to the judge’s attention. We repeat that there is no statute or court rule imposing such a duty on the clerks. Plaintiff vigorously argues, however, that because the clerks routinely inform judges of such attachments, they have assumed that duty, and failure to do so here is a breach of that assumed duty. Whatever the clerks might routinely do in other cases has no bearing here. There is simply no evidence in the record to prove that the clerk undertook to do anything for this particular plaintiff, and then did it negligently. Plaintiff was represented by counsel in the criminal matter, and the existence of the attachment could easily have been ascertained by him and brought to the judge’s attention for recall or not, as the court saw fit. Further, there was no showing that either plaintiff or his counsel relied on any representations by the clerk that she would see to the recall, or that it would be done automatical *821 ly. We hold that in these circumstances any inaction by the clerk, even had it been proved, would be irrelevant because she never assumed any duty to this particular plaintiff in regard to the attachment. Cf Mills v. Ganucheau, 416 So.2d 361, 364-365 (La.App. 4th Cir.1982).
For the foregoing reasons the judgment appealed from is hereby affirmed.
AFFIRMED.