539 So.2d 940 (1989)
Herman D. COLOMB and Margaret Colomb
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY.
No. 88-CA-0673.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
Harvey C. Koch, Gary J. Rouse, Howard Marks, Mishthi G. Ratnesar, Koch and Rouse, New Orleans, for plaintiffs/appellees.
Terry J. Freiberger, Sally I. Gaden, Montgomery, Barnett, Brown, Read Hammond & Mintz, New Orleans, for defendant/appellant.
Before LOBRANO and ARMSTRONG, JJ., and PRESTON H. HUFFT, J. Pro Tem.
PRESTON H. HUFFT, Judge Pro Tem.
The plaintiffs, Dr. Herman D. Colomb, husband of, and Margaret Colomb, brought suit against their homeowners' and/or business owners' insurer, United States Fidelity and Guaranty Company (sometimes referred to hereinafter as "USF & G"), to defend them in another action, Wright *941 Bros. Corporation, et al. v. Herman D. Colomb, M.D., et al., No. 85-3291, Civil District Court for the Parish of Orleans, State of Louisiana, The Honorable Revius Ortique, Jr., Presiding Judge. The instant suit was transferred to Judge Ortique's division and he ruled in favor of plaintiffs and against USF & G. USF & G moved for a new trial, which the trial court denied, then appealed timely from the trial court's judgment ordering USF & G to defend the Colombs against the claim for negligence brought by John J. Wright in the earlier action.
In that prior action, Wright Brothers Corporation had sought damages against Dr. and Mrs. Colomb for breach of contract and consequential damages. John J. Wright sought damages against Dr. Colomb for medical malpractice and against both for negligence. Pursuant to motions for partial summary judgment, Dr. and Mrs. Colomb sought to have the applicable claims for consequential damages, medical malpractice and negligence dismissed. The trial court granted partial summary judgment which dismissed the claims for consequential damages and for medical malpractice but specifically excluded the negligence claim from the judgment: the judge scratched out language referring to negligence in the proposed judgment submitted by counsel. Wright Brothers Corporation and John J. Wright appealed the partial summary judgments which this Court upheld in Wright Bros. Corporation v. Colomb, 517 So.2d 1194 (La.App. 4th Cir. 1987). A rendition of the facts as recited by this Court appears appropriate:
"According to the petition, plaintiff John J. Wright was approached by his psychiatrist, Herman D. Colomb, M.D., who proposed that Wright Brothers Corporation act as the general contractor to build a retail store for Colomb to be called `The Winery At The Fair' on the site of the Louisiana World Exposition. Wright thereafter entered into an oral cost-plus construction contract, believing that he was dealing with Dr. Colomb personally and Uptown Square Wine Merchants, Inc., Colomb's corporation that owned and operated an established business known as `The Winery at Uptown Square'. Toward the end of the construction, however, Dr. Colomb informed Wright he was not personally bound under the contract, but had acted only in a limited capacity as an officer, director, and shareholder of a newly formed company, Uptown Square Wine Merchants-WF, Inc., which was then insolvent.
"After the $140,000.00 balance due on the contract was never paid, plaintiffs filed this suit for damages against Dr. and Mrs. Colomb and Uptown Square Wine Merchants, Inc. In addition to the unpaid balance, Wright Brothers Corporation sought $360,000.00 for loss of income in subsequent construction projects, and an additional $1,000,000.00 in damages to its business reputation in the community and loss of bonding capacity. Individually, John J. Wright sought $250,000.00 in damages for mental anguish, emotional suffering, and psychic injuries and an additional $25,000.00 in medical costs. He alleged that Dr. Colomb had breached his duties as plaintiff's psychiatrist by deceptively and fraudulently engaging him in the contract unrelated to his treatment, thereby jeopardizing his psychological stability.
"In response to the petition, Dr. and Mrs. Colomb filed a `Motion for Partial Judgment on the Pleadings and Alternative Motion for Partial Summary Judgment', seeking to dismiss Wright Brothers Corporation's claims for loss of income, business reputation and bonding capacity. Citing LSA-C.C. Art. 2000, ... defendants argued that since the suit was based on an unpaid construction contract, plaintiffs were limited to a claim for the $140,000.00 unpaid balance of the contract price, plus interest from the date the payment was due, but could recover no other damages.
"Dr. Colomb also filed a motion for partial summary judgment seeking to dismiss John J. Wright's individual claim for mental anguish, emotional suffering, psychic injuries, and medical expenses under theories of negligence or medical *942 malpractice. The defendant physician argued that his actions in the business deal were irrelevant to his former physician-patient relationship with Wright and did not constitute `treatment' in a medical sense.
"The trial judge rendered judgments dismissing with prejudice Wright Brothers Corporation's claims `for damages for alleged loss of income, damaged business reputation and loss of bonding capacity' and further dismissing John J. Wright's individual claims against Dr. Colomb `for medical professional malpractice, for mental anguish, emotional suffering, phychic injuries and medical expenses....'
* * * * * *
"John Wright likewise argues that he is entitled to recover consequential damages and medical expenses under LSA-C. C. Arts. 2315 and 2316 as a result of Dr. Colomb's malpractice as well as negligence. Wright contends that his former psychiatrist violated his fiduciary duty of care and principles of medical ethics and fiduciary duties of care by using his position of power to influence his patient, whom he had treated for work-related stress, when he knew or should have known of the likelihood of harm in this case. According to Wright, genuine issues of material facts preclude the partial summary judgment." Pages 1195, 1196.
USF & G contends that it has no duty to defend the plaintiffs because the action against them pertains only to breach of contract, the only claim alleged to remain after the trial court dismissed the claims for consequential damages and medical malpractice that this Court upheld. A careful reading of this Court's decision in Wright Bros. Corporation, supra, reveals that the only issues decided by this Court pertained to consequential damages and medical malpractice. A review of the briefs filed in the former matter reveals that Dr. Colomb did not contest the trial judge's exclusion of the negligence claim from the partial summary judgment pertaining to the malpractice claim. Dr. Colomb took a position in the brief directed toward defeating the medical malpractice claim while leaving open the question of a claim for negligence:
"If Colomb's representations to Wright in confecting the business deal were misleading, false, or fraudulent, then it is admitted that Wright has a cause of action under Louisiana law. As plaintiff points out in his brief, this case involves negligent misrepresentation, a recognized cause of action under Code of Civil Procedure [sic] 2315. Devore v. Hobart Manufacturing Co., 367 So.2d 836 (La. 1979); Beal v. Lomas & Nettleton Co., 410 So.2d 318 (La.App. 4th Cir.1982). The jurisprudence indicates that in order for the doctrine to apply, there must be a legal duty on the part of the defendant to supply correct information.
"Plaintiff cites numerous cases in his brief indicating various instances where a legal duty to supply correct information existed. For example, in Dousson v. South Central Bell, 429 So.2d 466 (La. App. 4th Cir.1983) there was a legal duty to convey accurate information regarding the assignment of a certain telephone number to the customer. In Transport Refrigeration of La. Inc. v. D'Antoni, 281 So.2d 469 (La.App. 4th Cir.1973), the court recognized as a duty to convey the correct indentities of parties responsible for payment in proposed construction contract. Finally, in Mills v. Ganucheau, 416 So.2d 361 (La.App. 4th Cir. 1982), the court found that there was a duty to check and accurately convey court record information regarding previous child custody rulings.
"Although those cases cited by plaintiff do lend support to plaintiff's argument that he has a cause of action in negligent misrepresentation or fraud against Dr. Colomb for making material misrepresentations in entering this construction contract, these cases do nothing to support plaintiff's position that the duty to supply correct information in this case is a duty which arose in the context of medical treatment. Those cases do not even address the issue present[ly] before the court on the motion for partial summary *943 judgment, does plaintiff have a cause of action under a theory of medical malpractice, or more narrowly, does the alleged breach of an ethical violation by Dr. Colomb provide plaintiff with a cause of action under a general tort or negligence concept."
This Court's carefully reasoned prior opinion affirmed the partial summary judgment dismissing the consequential damages and medical malpractice claims without addressing the issue of negligence which had not been brought up by Dr. Colomb in an assignment of error. The tactic employed by Dr. Colomb was to defeat the consequential damages and medical malpractice claims while leaving open the issue of negligence for trial inasmuch as the trial court declined to grant summary judgment to dismiss the negligence claim pursuant to a motion therefor.
USF & G has attempted to characterize the Wright petition as comprising claims for breach of contract, consequential damages and medical malpractice and to urge upon us that only the claim for breach of contract remains which USF & G would not have to defend under the applicable insurance coverage. Such characterization attempts to limit the basis of recovery to articulated theories of the case. "Our Code of Civil Procedure sets forth a system of fact pleading. Articles 854, 891, 1003, 1004. So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence; the `theory of the case' is abolished as a pleading requirement or restriction. Articles 862, 1154, 2164." Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974). We reject the characterization of the present claims against Dr. Colomb as being solely in contract. In considering all of the foregoing, we must necessarily conclude that the trial court presently has pending before it a claim by John J. Wright for damages arising out of alleged negligent conduct by Dr. and Mrs. Colomb.
USF & G claims that it should not be required to defend plaintiffs even though a claim for damages under a negligence theory may exist because its obligation to defend arises only upon an occurence happening within the affected period of coverage. The applicable language of coverage defines an occurrence as "... an accident, including continuous or repeated exposure to conditions, which results during the policy period in bodily injury or property damage neither expected nor intended from the standpoint of the insured." USF & G claims that the occurrence of entering into the oral contract happened in August, 1983, before the policies went into effect for the respective periods of May 1, 1984, through May 1, 1985; June 1, 1984, through June 1, 1987; and December 15, 1984, through December 15, 1985.
The record before us does not provide a sufficient basis to allow us to form an opinion concerning counsel's argument. Upon first impression, one might say that plaintiff failed to prove entitlement to the relief sought. However, a review of USF & G's obligation shows that plaintiffs' right to a defense of the suit is broad:
"The Company [USF & G] will pay on behalf of the Insured all sums to which the Insured shall become legally obligated to pay as damages because of A. bodily injury or B. property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damages, even if any of the allegations of the suit are groundless, false or fraudulent ..."
The caselaw eschews the technical approach urged by USF & G in favor of a rather broad standard for determining whether the insurer has a duty to defend. "... Only if the allegations in the plaintiff's complaint unambiguously and absolutely exclude coverage is the insurer relieved of the duty to defend its insured ... In determining the duty to defend, the plaintiff's complaint against the insured is examined with the assumption that all the allegations are true ... The plaintiff's allegations are liberally construed in deciding *944 whether they set forth grounds that could possibly bring the claim within the scope of the insurer's duty to defend ... If upon such an examination there appears to be a potential coverage under the policy and liability to plaintiff, the insurer is obligated to defend, regardless of the ultimate outcome of the case." Vaughner v. Pulito, 804 F.2d 873, 877 (5th Cir.1986); see also, American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969).
The approach urged by USF & G, followed to its logical conclusion, would require a trial between the insured and insurer as to when an occurrence happened, which would render insurance defense coverage meaningless. The approach under the caselaw allows for a liberal interpretation as to when an occurrence may have happened. "Plaintiff's petition need not include facts indicating that the injury arose during the period the policy was in effect. The duty to defend rule requires only that the facts alleged in the petition do not unambiguously exclude coverage. As we find that the allegations of the petition herein do not unambiguously exclude [the time of bodily injury], appellant is required to participate in appellee's defense regardless of the possible outcome." Armstrong v. Land & Marine Applicators, Inc., 463 So.2d 1327, 1331 (La.App. 5th Cir.1984), writ denied, 466 So.2d 1299 (La. 1985).
We hold that the Wright petition does not unambiguously exclude coverage, and, accordingly, USF & G must defend the Colombs with respect to the negligence claims presently urged before the trial court by John J. Wright and against Herman D. Colomb, M.D., and Margaret Colomb in the matter described above.
For the foregoing reasons, the decision of the trial court is affirmed. Costs assessed to appellant.
AFFIRMED.