## Frank De Leonardis *v.* Subway Sandwich Shops, Inc.
### (12736)

Heiman, Freedman and Spear, Js.

Argued May 5—decision released August 9, 1994

*Brendan T. Canty,* with whom was *Anastasios T. Savvaides,* for the appellant (plaintiff).

*Edward Wood Dunham,* with whom was *Lisa G. Bakanas,* for the appellee (defendant Doctor's Associates, Inc.).

FREEDMAN, J. The plaintiff, Frank De Leonardis, appeals from the trial court's acceptance of the report of the attorney trial referee. On appeal, De Leonardis claims that the trial court improperly accepted the referee's report because (1) the attorney referee should not have granted the motion in limine filed by the defendants, Subway Sandwich Shops, Inc. (Subway), and Doctor's Associates, Inc. (DAI), precluding De Leonardis from offering evidence about the relationship between Subway and DAI in support of his claim that DAI is the alter ego of Subway and is therefore responsible for Subway's liabilities, and (2) the attorney referee did not have the authority to rule on the motion in limine.[1] We reverse the judgment of the trial court.

The following facts are undisputed. De Leonardis owned commercial real estate located in Mount Vernon, New York. On September 22, 1986, Subway executed a twelve year lease for this property commencing on January 1, 1987. A clause in a rider to the lease provided that Subway, or its assignee, if any, "but no other entity" would be responsible for fulfilling the terms and conditions of the lease. Subway never took possession of the premises, nor did it make any rental payments. The property remained vacant until September 1, 1991, when it was relet by De Leonardis.

On December 12, 1991, De Leonardis commenced a two count action against Subway and DAI seeking damages for unpaid rent. The first count alleged breach of the lease between De Leonardis and Subway. The second count alleged an alter ego claim against DAI based on a claimed unity of interest and ownership between Subway and DAI. DAI filed a special defense alleging, in part, that the rider contained in the lease barred the plaintiff from recovering against DAI.

---

[1] Because of our disposition of the plaintiff's first claim, we need not address this issue.

The trial court assigned this matter to an attorney trial referee for a hearing.[2] Prior to the hearing, Subway and DAI filed a motion in limine that sought to exclude any evidence offered by De Leonardis that DAI was the alter ego of Subway and was, therefore, liable for Subway's rental obligations under the lease.

On the first day of trial, March 12, 1993, the referee heard argument on the motion in limine together with De Leonardis' testimony. The referee granted the defendants' motion in limine on March 25, 1993. On the second day of trial, May 21, 1993, De Leonardis excepted to the granting of the motion in limine because it was a ruling on an issue in the case, not an evidentiary ruling, and because the referee had granted the motion before hearing any of the evidence excluded by the granting of the motion. De Leonardis then attempted to make an offer of proof by listing the witnesses he would have called and to what they would have testified. This included witnesses to testify to the corporate setup of both Subway and DAI, Subway's lack of corporate assets, Subway's lack of employees, the lack of shareholder or director's meetings, DAI's alleged dominion and control over Subway, and the absence of and failure to follow corporate formalities.

---

[2] "Attorney state trial referees are appointed by the chief justice pursuant to General Statutes § 52-434 (a) (4) for a term not exceeding one year. They have no power to render a judgment. They are procedural cousins to committees appointed by the court under Practice Book § 431, and to factfinders appointed by the judges of the Superior Court under General Statutes § 52-549n and Practice Book §§ 546C and 546E, but with greater authority than such factfinders. While the name, source of appointment and scope of authority of these three adjuncts to the trial bench vary, they share the same function of factfinders 'whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court.' *Seal Audio, Inc.* v. *Bozak, Inc.*, [199 Conn. 496, 502, 508 A.2d 415 (1986)]. Practice Book §§ 428 through 445 govern the referral of cases to attorney state trial referees and committees and the prejudgment review of their reports." *E. I. Constructors, Inc.* v. *Scinto*, 12 Conn. App. 348, 351–52, 530 A.2d 1081 (1987).

On June 3, 1993, the referee filed his report, in which he found the following: (1) De Leonardis and Subway entered into a lease agreement; (2) Subway breached the agreement by failing to occupy the premises; (3) the rider to the lease contained a provision that stated "irrespective of whether this lease is assigned or the premises sublet, the tenant and the assignee, but no other entity, shall remain responsible for the full performance of all the terms and conditions of the lease"; (4) De Leonardis is entitled to damages in the amount of $209,573.08 for breach of the lease and $10,087.50 in attorney's fees; and (5) DAI has sustained its burden of proof as to its special defense that the rider barred recovery against DAI. De Leonardis filed a motion for articulation requesting a statement of the law and the reasons for which the attorney referee had granted the motion in limine. The referee responded, stating that he had granted the motion in limine "for the reasons given in the defendants' memorandum of law dated March 9, 1993, and the exhibit thereto."

De Leonardis filed a motion to correct the referee's findings that (1) the lease contained the rider provision, (2) damages were recoverable only against Subway, and (3) DAI had sustained its burden of proof on its special defense. The motion also sought to correct the referee's ruling granting the motion in limine. The referee denied the motion. De Leonardis then filed objections and exceptions as required by Practice Book §§ 439 and 440. The trial court overruled the objections and exceptions on the grounds that the referee's findings of fact were all supported by the evidence in the record, and rendered judgment in favor of De Leonardis and against Subway on the first count alleging the breach of the lease and in favor of DAI on the second count. De Leonardis appeals the judgment only with respect to DAI.

In ruling on the motion in limine, the referee interpreted the rider to the lease as prohibiting De Leonardis from collecting from any entity other than Subway. On the basis of this interpretation, the referee determined that any evidence regarding the relationship between Subway and DAI was not relevant because, even if they were one and the same, De Leonardis was still limited to collecting only from Subway by the terms of the rider. We do not agree.

We first must determine whether the referee properly interpreted the language of the rider to the lease. "Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. See *Kakalik* v. *Bernardo,* 184 Conn. 386, 393, 439 A.2d 1016 (1981); *Bead Chain Mfg. Co.* v. *Saxton Products, Inc.,* 183 Conn. 266, 274–75, 439 A.2d 314 (1981); *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 404, 499 A.2d 64, cert. granted, 198 Conn. 802, 501 A.2d 1213 (1985). In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard. See *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 428, 488 A.2d 1290 (1985)." *Pero Building Co.* v. *Smith,* 6 Conn. App. 180, 184, 504 A.2d 524 (1986). Here, the relevant language provides: "Tenant may assign this lease or sublet the premises to any bona-fide SUBWAY licensee of Doctor's Associates, Inc. without the prior consent of the Landlord. Such assignment or subletting shall not alter the Tenant's responsibility to the Landlord under this lease. Landlord agrees to accept rent from the tenant, its assignee or sublessee. *Irrespective of whether this lease is assigned or the premises sublet, the tenant and the assignee, but no other entity, shall remain responsible for the full performance of all the terms and conditions of the lease.*" (Emphasis added.)

We agree with the referee and the trial court that the language is clear and that the rider to the lease does

provide that De Leonardis can look only to Subway for performance of the terms and conditions of the lease. De Leonardis claims, however, that even though the express language in the rider to the lease limits liability to Subway or its assignee, Subway and DAI are one and the same and that his proffered testimony would have so established that claim.

"[W]hen the corporation is the mere alter ego, or business conduit of a person, it may be disregarded." 1 W. Fletcher, Cyclopedia of the Law of Private Corporations (1990) § 41.10, citing, inter alia, *DeSantis* v. *Piccadilly Land Corp.*, 3 Conn. App. 310, 487 A.2d 1110 (1985). "[A] corporation may be the alter ego of another corporation and the distinct corporate entity may be disregarded; the two corporations will be treated as one." 1 W. Fletcher, supra, § 41.10. The alter ego theory is applicable in contract actions as well as in tort actions. Id., § 41.85. "[O]nce the fact of alter ego is established it furnishes a means for a complainant to reach a second corporation or individual upon a cause of action that otherwise would have existed only against the first corporation." Id., § 41.28, citing *Wright Bros. Corp.* v. *Colomb*, 517 So. 2d 1194 (La. App. 1987); *Anderson* v. *Jasper Federal Savings & Loan*, 738 S.W.2d 768 (Tex. App. 1987).

We acknowledge that piercing the corporate veil is difficult and that it is appropriate only under exceptional circumstances.[3] Nonetheless, a party is entitled

---

[3] "To hold a corporate officer personally liable for wrongdoing, there must be a sufficient factual basis for a court to pierce the corporate veil. *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.*, 187 Conn. 544, 561, 447 A.2d 406 (1982); *Skyler Ltd. Partnership* v. *S.P. Douthett & Co.*, 18 Conn. App. 245, 253, 557 A.2d 927 (1989); *Schmidt* v. *Yardney Electric Corporation*, 4 Conn. App. 69, 73, 492 A.2d 512 (1985). The piercing of the corporate veil is equitable in nature. *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.*, supra, 555. When the statutory privilege of doing business in the corporate form is employed as a cloak for the evasion of obligations, as a mask behind which to do injustice, or invoked to

to attempt to prove its allegations of the existence of an alter ego. Before the attorney trial referee could find facts to determine whether Subway is in fact the alter ego of DAI, he needed to hear evidence. Here, the referee's granting of the motion in limine precluded De Leonardis from presenting any evidence regarding the relationship between Subway and DAI. This ruling effectively denied DeLeonardis the opportunity to attempt to establish a relationship between the two defendants and effectively disposed of the second count of the complaint.

That De Leonardis, in his testimony, conceded that he knew DAI existed yet did not seek to include it in the lease and that he never intended to hold a party other than Subway liable for the rental obligations under the lease does not affect our conclusion. The lease limits De Leonardis to recovery from Subway. If Subway and DAI are, in fact, one and the same, then recovering from DAI may be the same as recovering from Subway.

We conclude that the trial court improperly overruled De Leonardis' objections and exceptions because the

subvert equity, the separate personality of the corporation will be disregarded. . . . (Citation omitted.) *Falcone* v. *Night Watchman, Inc.*, 11 Conn. App. 218, 220, 526 A.2d 550 (1987), quoting *DeMartino* v. *Monroe Little League, Inc.*, 192 Conn. 271, 275, 471 A.2d 638 (1984).

"A court may pierce the corporate veil only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice. SFA *Folio Collections, Inc.* v. *Bannon*, 217 Conn. 220, 230, 585 A.2d 666, cert. denied, 501 U.S. 1223, 111 S. Ct. 2839, 115 L. Ed. 2d 1008 (1991), quoting *Angelo Tomasso, Inc.* v. *Armor Construction & Paving, Inc.*, supra, [187 Conn.] 557. The corporate veil will be pierced when the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor. *Saphir* v. *Neustadt*, 177 Conn. 191, 209, 413 A.2d 843 (1979); *Falcone* v. *Night Watchman, Inc.*, supra [11 Conn. App. 220]." (Internal quotation marks omitted.) *United Electrical Contractors, Inc.* v. *Progress Builders, Inc.*, 26 Conn. App. 749, 755, 603 A.2d 1190 (1992).

referee could not properly determine whether DAI was in fact an alter ego of Subway without first hearing evidence. By our holding in this case we do not suggest that Subway is in fact the alter ego of DAI, but only that a party must be afforded the opportunity to attempt to prove such allegations.

The judgment is reversed in part and the case is remanded for a new trial on the second count of the complaint.

In this opinion the other judges concurred.