[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
JUDGMENT ON CORRECTED REPORT OF ATTORNEY TRIAL REFEREE
This action, claiming a breach of lease and other relief, came to this court on December 21, 1994 and thence to later dates when the issues were referred to Attorney Trial Referee Hanon W. Russell. After said Attorney Trial Referee filed his report, the plaintiff filed objections and exceptions thereto. After full hearing, the court (Jones, J.) rendered judgment in accordance with the referee's report. Thereafter, plaintiff appealed the judgment, claiming error on the part of the Attorney Trial Referee in his granting a motion in limine, effectively precluding the plaintiff from offering evidence as to corporate "alter ego" all as more fully set forth in the second counts of the complaint. The Appellate Court reversed in part and remanded the matter for new trial. Frank DeLeonardis v. Subway Sandwich Shops, Inc., 35 Conn. App. 353
(1994). Upon remand, the Attorney Trial Referee held a full hearing on the second count of the complaint and prepared and filed an Attorney Trial Referee's Report dated February 10, 1995 as more fully detailed and articulated by Articulated Report dated CT Page 5293 March 13, 1995. Pursuant to sections 438 and 439, the Attorney Trial Referee considered and denied plaintiff's motion to correct his report.
The action then came to the present time when the court has heard the parties at short calendar on plaintiff's objection to acceptance of report, exceptions to report and defendant's reply thereto. Thereafter, the court reviewed the Attorney Trial Referee's report dated February 10, 1995 and the Articulated Report dated March 13, 1995; reviewed the hearing transcript with particular attention to the stipulations of fact therein; added facts admitted or undisputed and rendered its decision on plaintiff's exceptions in accordance with sections 440, et seq. of the Practice Book.
The underlying issues of law for consideration by the court as raised in the plaintiff's second count relates to plaintiff's ability to establish corporate "alter ego" and thus whether "piercing the corporate veil" is appropriate. Any such piercing is difficult and appropriate only under exceptional circumstances.DeLeonardis v. Subway Sandwich Shops, Inc., supra at 358, citingAngelo Tomasso, Inc. v. Armor Construction Paving, Inc.,187 Conn. 544, 561 (1982).
A court should exercise its power to pierce sparingly and should do so only in cases of fraud and illegality or in circumstances where to do otherwise would result in injustice or inequity. Tomasso, supra at 559; Saphir v. Neustadt, 177 Conn. 191
(1979); Zaist v. Olson, 154 Conn. 563 (1967). A court will disregard a legal fiction of a separate corporate entity when that entity is used for fraudulent or illegal purposes. Tomasso, supra at 559, (quoting Humphrey v. Argraves, 145 Conn. 350, 354 (1958)). Similarly, a court may disregard the separate corporate entity when there is such a unity of interest that adherence to the fiction of separate entities would serve only to defeat justice and equity.Saphir, supra at 210 (1979) (quoting Zaist v. Olson) However, a court may pierce the corporate veil only under extraordinary circumstances. SFA Folio Collections, Inc. v. Bannon, 217 Conn. 220,230, cert denied, 501 U.S. 1223 (1991). Thus, a court will not "rescue a party from its own unfavorable or unwise business dealings." Tomasso, supra at 560-1. To do so by piercing the corporate veil would be to act in opposition to public policy as expressed by legislation governing the formation and regulation of corporations. Id. at 559; Saphir, supra at 212. CT Page 5294
The facts of this case clearly establish that, while there is a certain degree of identity of interest as between the defendant entities, fraudulent intent, illegal purpose or injustice cannot be found. Prior to entering into the lease, the plaintiff knew: a) the existence of both corporate entities; b) that the defendant Subway Sandwich Shops, Inc. and its assignee would be the only parties . . ."responsible for the full performance of all the terms and conditions of the lease"; c) that the defendant DAI would select the ultimate lessee as assignee of Subway Sandwich Shops, Inc.; and d) that any such assignment would not expose the defendant DAI to liability, as the intended exculpation of DAI is clear and unambiguous under the terms of the lease.
Being fully cognizant of all of the above, the plaintiff entered into the lease without seeking to make DAI a party thereto, either as a co-lessee or guarantor. In so doing, the plaintiff did not act with due diligence and entered into an unwise or unfavorable lease. Indeed, the plaintiff is not seeking to right a wrong or to preclude fraud or illegality, but rather seeks the reformation of a bad contract. If allowed to do so, justice and equity would be subverted.
The facts of this case as found by the Attorney Trial Referee as amended and corrected clearly support the above conclusion. Accordingly, judgment may enter for the defendant on the second count of the complaint in accordance with the Attorney Trial Referee's report as amended and corrected.
The Court By Comerford, J.