[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Taurus Advisory Group, Inc. (TAG), and Taurus Advisory Group, L.L. C. (Taurus, L.L.C.), filed a ten-count complaint on March 6, 1996, against Sector Management, Inc., Melvin Howard, the sole shareholder, director and officer of Sector Management, Inc., Intercap Associates, Inc., and Intercap Investments, Inc. The complaint alleges breach of contract, breach of the covenant of good faith, negligent misrepresentation, breach of fiduciary relationship, and CUTPA arising from an agreement among TAG, Sector and Intercap to form Taurus Advisory Group, L.L.C., to provide asset management and investment counseling.
The defendants Sector Management, Inc. and Melvin Howard filed a motion to dismiss (#101) on April 8, 1996, on the grounds that the court lacks jurisdiction over the subject matter of counts One, Two, Four and Five, and lacks personal jurisdiction over Sector. The defendants Intercap Investments, Inc. and Intercap Associates, Inc. subsequently joined in the motion filed by Sector Management and Melvin Howard.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." AmericanLaundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983).
The defendants allege that the complaint asserts derivative claims that TAG is attempting to bring individually, that TAG lacks authority to commence the action in the name of Taurus, L.L.C., and that the court lacks personal jurisdiction over Sector because service of process on Sector was insufficient.
The plaintiffs argue that TAG is bringing the claims in its own right, and that Taurus, L.L.C., is bringing its claim in its own right as well. Furthermore, even if the claims are not CT Page 6084 derivative in nature, TAG has the right to assert those claims because it is the only remaining member having authority to authorize the suit, and a member may bring a derivative action where an effort to obtain authority is not likely to succeed. Lastly, the statutory agent for Sector, the only corporate entity by that name in existence at the time, was served, and the correct agent has subsequently been served.
The first and seventh count of the complaint alleges that each member of the limited liability company was obligated to make an initial capital contribution of $100,000.00 to the company, and an additional contribution of $100,000.00 on the first anniversary of the company's formation, and $50,000.00 on the second anniversary. The agreement also outlined the responsibilities each member had to the company. The plaintiffs allege that the defendants failed to make the capital contributions, and failed to meet the responsibilities provided for in the agreement.
The company was formed under the laws of Delaware, and accordingly Delaware law applies. See Restatement (Second) of Conflict of Laws § 302 (1969). The Delaware Limited Liability Company Act, Del. Code Ann. title 6, § 18-502 provides, that "a member is obligated to a limited liability company to perform any promise to contribute cash or property or to perform services." Clearly the members are liable to the company for breach of the agreement. The issue becomes whether TAG can assert an action against the defendants, and whether Taurus, L.L.C., has the authority to bring the action.
Both parties agree there is no case law to guide the court regarding derivative suites against limited liability companies. The parties appear to accept the analogy of a limited liability company to a corporation whereby the members are similar to stockholders. Courts have used this construction with limited liability partnerships and therefore this court also accepts the analogy. See Litman v. Prudential-Bache Properties, 611 A.2d 12,15 (Del.Ch. 1992), citing to Strain v. Seven Hills Assocs.,L.L.P., 75 App.Div.2d 360, 429 N.Y.S.2d 424, 431-32 (1980) (noting that because shareholders and limited partners hold similar positions within their respective entities, the court looked to corporation law in determining the nature of a suit by a limited partner).
"To set out an individual action, the plaintiff must allege CT Page 6085 either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder . . . which exists independently of any right of the corporation." (Quotation marks omitted.) Kramer v. Western Pacific Industries, Inc.,546 A.2d 348, 351 (Del. 1988). "For a plaintiff to have standing to bring an individual action, he must be injured directly orindependently of the corporation." (Emphasis in the original.) Id. "Whether a cause of action is individual or derivative must be determined from the `nature of the wrong alleged' and the relief, if any, which could result if plaintiff were to prevail." Id.
The complaint alleges that as a result of the breaches "the plaintiffs have incurred substantial damages in the form of expenses of the LLC . . . In addition plaintiff [TAG] discontinued business efforts on its own account and concentrated its efforts solely on behalf of the LLC resulting in a severe loss of revenue for [TAG]." To be sure, the count is on behalf of the corporation, but "where a shareholder's complaint sets out a cause of action that is both individual and derivative, the shareholder may proceed with the individual action." Moran v.Household International, Inc., 490 A.2d 1059, 1070, aff'd500 A.2d 1346 (Del.Ch. 1985). In Litman v. Prudential-BacheProperties, supra, 611 A.2d 15, the plaintiffs alleged that the general partners breached their fiduciary duty, and the court held that the harm was to the partnership. However, the plaintiffs "did not make any argument that the general partners breached a distribution agreement," only that the misconduct resulted in diminished incomes, distribution, and value to the partnership and the partners, all harms first to the partnership. TAG appears to be alleging that because the members did not contribute the capital and their services, TAG had to take over the operations at the expense of its own operations. This is a direct injury to the plaintiff, and accordingly the plaintiff can bring the suit on its own behalf.
The second and seventh counts allege breach of the agreement's implied covenant of good faith and fair dealing, and they stand or fall with the first and sixth counts.
The third and eighth counts allege a breach of fiduciary duty. The complaint alleges that Sector was in a fiduciary relationship, and that Sector "breached the fiduciary duty which it had to the plaintiffs to deal with the plaintiffs ethically CT Page 6086 and fairly and to use its best efforts to enhance the value of the LLC and to promote its business activities." The defendants cite News International v. Warner Communications, Inc., No. 7420, 1985 WL 11558, at *2 (Del.Ch. Apr. 10, 1985 ) for the proposition that breach of fiduciary duty is plainly a wrong to the corporation which may be maintained by a shareholder only in his derivative capacity. The case provides that the allegations before it were derivative in nature. Other cases analyze a breach of fiduciary duty in the same manner as other actions. See, e.g.Litman v. Prudential-Bache Properties, supra, 611 A.2d 15. The citations provided by the defendants refer to duties of majority shareholders. Singer v. Magnavox Co., 380 A.2d 969 (Del. 1977); 12 B Fletcher Cyc Corp. (1993) § 5810. The complaint does not set out a relationship comparable to that of a majority shareholder's duties toward the minority shareholders because the capital contributions are in equal amounts. However, even assuming that the responsibilities undertaken by each of the members create a fiduciary duty, the only articulated harm is harm to the corporation. The complaint does not state an individual cause of action in favor of TAG for breach of fiduciary relationship.
The plaintiffs assert, in the alternative, that TAG is the only remaining member of the company pursuant to the agreement, and that therefore TAG has authority to file suit on behalf of the company. The provision referred to by the plaintiffs only takes effect when a member breaches the covenant not to withdraw, dissolve or require a partition. The plaintiffs have not alleged and have not provided evidence to demonstrate that the defendants have taken any actions to withdraw from the company.
The plaintiffs also assert that even if the claims were derivative, TAG would not need the consent of the defendants to bring the action because Del. Code Ann. title 6, § 18-1001 permits a member to file a derivative action "if an effort to cause those managers or members to bring the actions is not likely to succeed." While this may be true, the code also provides that "the complaint shall set forth with particularity the effort, if any, of the plaintiff to secure initiation of the action by a manager or member or the reasons for not making the effort." Del. Code Ann. title 6, § 18-1003. The complaint does not state an effort or the reasons why the action is not likely to succeed.
As to the CUTPA counts, because TAG did state a direct injury CT Page 6087 in the breach of contract count, and the defendants have not challenged the misrepresentation count, the defendants' arguments are unavailing with respect to the CUTPA count.
Lastly, the defendants assert that the court lacks personal jurisdiction over Sector because the plaintiffs served a statutory agent who is not the agent of Sector. The defendants provided an affidavit from Melvin Howard stating that Jamie K. Gerard is not an authorized agent for Sector. The plaintiffs assert that when the LLC agreement was executed, the only Sector Management, Inc. in existence was a Connecticut corporation which was served. Subsequently, a Delaware corporation by that name was incorporated, and the Connecticut corporation changed its name. The Delaware corporation, which appears to be the defendant in this suit, was served on May 28, 1996. The Sector Management that is actually the defendant in this suit was not properly served twelve days prior to the return date as required by General Statutes § 52-46, nor has the plaintiff amended the return date. Accordingly, the motion to dismiss is granted as to Sector Management, Inc.
In summation, the motion to dismiss is granted as to Sector Management, Inc., and is granted as to the other defendants with regard to counts four and nine and is otherwise denied.
So Ordered.
Dated at Stamford, Connecticut this 29th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE