[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, BMW Financial Services, NA, Inc., filed this action on September 30, 1996, alleging that the defendant, Paul F. Samele, Jr., entered into a lease agreement for a BMW automobile and that the payments were not made in accordance with the lease. The plaintiff repossessed and sold the vehicle, which allegedly resulted in a deficiency of $7,858.30.
On January 2, 1997, the defendant filed an amended answer and special defenses. The defendant also filed a two count counterclaim. On January 15, 1997, the plaintiff filed this motion to strike the first and sixth special defenses and both counts of the counterclaim.
The first special defense alleges that the plaintiff failed to comply with General Statutes § 36a-785(d), which requires notice of the time and place of any public sale or the time after which any private sale is to be made, either personally or by registered mail or certified mail. The sixth special defense alleges that the plaintiff is barred from recovery under General Statutes § 361-786 as a result of its wilful violation of the terms and conditions set forth in § 36a-785.
In count one of his counterclaim the defendant alleges that pursuant to General Statutes § 36a-785(i) he is entitled to recover a sum not less than one-fourth of the sum of all payments that was made under the contract as a result of the plaintiff's failure to comply with subsections (c) through (h) of § 36a-785. In count two the defendant incorporates the allegations in count one and further asserts that those acts constitute unfair and deceptive acts and practices in violation of the Connecticut Unfair Trade Practices Act (CUTPA).
The plaintiff moves to strike the special defenses and count one of the counterclaim on the ground that the Retail Instalment CT Page 1430 Sales Financing legislation, General Statutes § 36a-770 et seq. does not apply to a lease agreement. Furthermore, the plaintiff moves to strike the CUTPA counterclaim on the ground that because the defendant relies upon a violation of § 36a-785 to support his CUTPA claim and since § 36a-785 does not apply to the vehicle lease agreement, the CUTPA claim, as alleged, is legally insufficient.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, counterclaim, or cross complaint to state a claim upon which relief can be granted." Waters v. Autouri, 236 Conn. 820, 825, 676 A.2d 357
(1996). Pursuant to Practice Book § 152(5) a plaintiff can also move to strike a special defense. See Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; Id.; and the grounds specified in the motion. Blancato v. FeldsparCorp., 203 Conn. 34, 44, 522 A.2d 1235 (1987). "The motion to strike admits all facts well pleaded." Mingachos v. CentralBroadcasting Systems, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992).
 I
Section 36a-785(d) provides that the holder of the "retail instalment contract" or "instalment loan contract" shall give the "retail buyer" not less than ten days' written notice of the time and place of any public sale, or the time after which any private sale or other intended disposition is to be made, either personally or by registered mail or by certified mail. Section 36a-770(11) defines a "retail buyer" as a person who buys or agrees to buy one or more articles of goods from a retail seller not for the purpose of resale or lease to others in the course of business and who executes a retail instalment contract or an instalment loan contract in connection therewithin. An "instalment loan contract" is defined in § 36a-770(7) as any agreement made to repay in installments the amount loaned or advanced to a retail buyer for the purpose of paying the retail purchase price of goods and by virtue of which a security interest is taken in the goods. Furthermore, a "retail instalment contract," as defined in § 36a-770(12), means any security CT Page 1431 agreement, as defined in General Statutes § 42a-9-105(1)(l), including one in the form of a mortgage, conditional sale contract or other instrument evidencing an agreement to pay the retail purchase price of goods, or any part thereof, in installments over a period of time and pursuant to which a security interest is retained or taken by the retail seller.
The defendant, in his answer, admits that the agreement between the plaintiff and defendant was for the lease of an automobile. Moreover, the defendant is not a "retail buyer" as defined above, neither is the agreement a "retail instalment contract" nor an "instalment loan contract." The Retail Instalment Sales Financing legislation applies to purchases of goods. There is nothing in the statutes to suggest that it applies to a lease agreement. The defendant relies on Barco AutoLeasing Corp. v. House, 202 Conn. 106, 520 A.2d 162 (1987), for the proposition that General Statutes § 36a-770 et seq. can be applied to lease agreements. The Supreme Court's decision inBarco is inapplicable to the present situation. In that case, the defendants entered into a leasing agreement with the plaintiff to lease an automobile for a three year period. Attached to the agreement was a rider stipulating that the defendant-lessees were required to purchase the automobile at the end of the lease term. The trial court found that the alleged leasing agreement was in fact a contract of sale, thereby violating the Retail Instalment Sales Finance Act (RISFA). Id., 108-9.[1]
Furthermore, neither party cited and research did not reveal any cases where a Connecticut court applied the statute to a lease agreement similar to the one at hand. Accordingly, this court finds that the lease agreement is not subject to the provisions of the Retail Instalment Sales Financing legislation, General Statutes § 36a-770 et seq. Therefore, the plaintiff's motion to strike the defendant's first special defense is granted.
Section 36a-786 provides, in relevant part, that "[a] wilful violation of sections 36a-770 to 36a-788 . . . by any person, firm, association or corporation shall bar recovery of any finance, delinquency or collection charge by the owner or holder the retail instalment contract or . . . holder of an instalment loan contract . . ." The defendant alleges that the plaintiff's wilful violation of § 36a-785 bars recovery. As noted above, sections 36a-785 and 36a-786 are not applicable to the lease CT Page 1432 agreement. Therefore, the plaintiff's motion to strike the defendant's sixth special defense is granted.
Moreover, count one of the defendant's counterclaim seeks recovery on the basis of a violation of § 36a-785. Accordingly, the plaintiff's motion to strike is granted with regard to the first count of the defendant's counterclaim.
 II
The following three factors, known as the "cigarette rule," have been adopted by the courts of this state as criteria in determining whether a practice violates CUTPA: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen)." Prishwalko v. Bob Thomas Ford, Inc.,33 Conn. App. 575, 584, 636 A.2d 1383 (1994). "A prospective plaintiff need not satisfy all three of the criteria; a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Id., 585.
"A claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills v. Brown, Jacobson, Etc., P.C.,32 Conn. App. 786, 797, 631 A.2d 340 (1993). The defendant relies a violation of statutory law, particularly § 36a-785, to meet the first factor of the cigarette rule. As previously noted, § 36a-785 is inapplicable in this situation and therefore cannot form the basis for a CUTPA claim. Moreover, the defendant does not allege that the practice was "immoral, unethical, oppressive or unscrupulous" or that it "causes substantial injury to consumers." Accordingly, the defendant's CUTPA counterclaim is legally insufficient and therefore the plaintiff's motion to strike is granted with regard to the second count of the counterclaim.
HON. WALTER M. PICKETT, JR. State Judge Referee CT Page 1433