[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Taurus Advisory Group, Inc. (Taurus), and Taurus Advisory Group, L.L.C. (Taurus, L.L.C.), filed a ten-count complaint on March 6, 1996, against Sector Management, Inc. (Sector), Melvin Howard, the sole shareholder president and treasurer of Sector, Intercap Associates, Inc. (Intercap), and Intercap Investments, Inc. The plaintiffs seek damages for breach of contract, breach of the covenant of good faith and fair CT Page 6058 dealing, negligent misrepresentation, breach of fiduciary relationship, and for a violation of General Statutes §42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), arising out of an agreement among Taurus, Sector and Intercap to form Taurus, L.L.C., a limited liability company (LLC), to provide asset management and investment counseling.
On August 29, 1996, this court granted the defendants' motion to dismiss with respect to all claims against Sector for lack of personal jurisdiction, and as to counts four and nine (breach of fiduciary relationship), but denying the motion to dismiss as to the remaining claims against Howard, Intercap and Intercap Investments, Inc. See Taurus Advisory Group, Inc. v. SectorManagement, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150830 (August 29, 1996, Lewis, J.) (17 Conn. L. Rptr. 496). In response to a motion to reargue, this court issued a subsequent memorandum to clarify that the claims on behalf of Taurus, L.L.C. were also dismissed on the ground that Taurus lacked the authority to bring such claims. Taurus Advisory Group, Inc. v. Sector Management, Inc.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150830 (December 2, 1996, Lewis, J.). Therefore, Sector and Taurus, L.L.C. are no longer parties to this action.
The defendant Howard has filed a motion (#127) to strike the first, second and fifth counts of the complaint, and for summary judgment in his favor as to all claims. In support of his motion for summary judgment, Howard submitted his own affidavit and an affidavit from Jay Smolin, Sector's accountant, along with copies of Sector's certificate of incorporation and its certificate of authority to transact business in Connecticut, and Howard's stock certificate for his shares in Sector. The plaintiff submitted the affidavit of James Tagliaferri, the president of Taurus.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820,825-26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). CT Page 6059
Counts one and two
The plaintiff alleges in count one that Howard and Sector, as the alter ego of Howard, breached the LLC agreement by failing to make the required capital contributions to the LLC and failing to perform their responsibilities under the agreement. In count two, the plaintiff alleges that as a result of the conduct alleged in the first count, Sector and Howard breached the covenant of good faith and fair dealing implied in the LLC agreement. Defendant Howard argues that the allegations in the first and second counts are legally insufficient because they involve claims belonging to Taurus, L.L.C. that may not be brought by Taurus.
Essentially the same argument was raised by the defendant in support of the earlier motion to dismiss. In addressing this claim on the motion to dismiss, this court noted, by way of analogy to corporations law, that "[t]o set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder . . . which exists independently of any right of the corporation." (Internal quotation marks omitted.) Kramer v. Western PacificIndustries, Inc., 546 A.2d 348, 351 (Del. 1988). "For a plaintiff to have standing to bring an individual action, he must be injured directly or independently of the corporation." (Emphasis in original.) Id. "Whether a cause of action is individual or derivative must be determined from the `nature of the wrong alleged' and the relief, if any, which could result if plaintiff were to prevail." Id., 352.
As a result of the defendant's conduct alleged in counts one and two, the plaintiff claims to "have incurred substantial damages in the form of expenses of the LLC. . . . In addition plaintiff [Taurus] discontinued business efforts on its own account and concentrated its efforts solely on behalf of the LLC resulting in a severe loss of revenue for [Taurus]." This court previously found that Taurus "appears to be alleging that because the members did not contribute the capital and their services, Taurus had to take over the operations at the expense of its own operations," and concluded that this is a "direct injury to the plaintiff," and that the plaintiff can bring such a suit on its own behalf. Taurus Advisory Group, Inc. v. Sector Management,Inc., supra, 17 Conn. L. Rptr. 497. Although these counts may involve claims on behalf of Taurus, L.L.C., "[w]here a CT Page 6060 shareholder's complaint sets out a cause of action that is both individual and derivative, the shareholder may proceed with the individual action." Moran v. Household International, Inc.,490 A.2d 1059, 1070 (Del.Ch.), aff'd, 500 A.2d 1346 (Del. 1985).
Therefore, the plaintiff's allegations in counts one and two are sufficient to state claims for special or direct injury that may be brought individually. Accordingly, defendant Howard's motion to strike the first and second counts of the plaintiff's complaint is denied.
Count 5
In the fifth count, the plaintiff alleges that defendants Howard and Sector are persons engaged in trade and commerce within the meaning of CUTPA, and that the alleged conduct of these defendants constitutes unfair and deceptive trade practices in violation of that statute. Defendant Howard argues that count five is legally insufficient because disputes arising out of intracompany relations are not subject to claims under CUTPA because they do not involve the conduct of any trade or commerce or constitute acts or practices prohibited by CUTPA.
The allegations in count five of the plaintiff's complaint, which are based on an alleged breach of the LLC agreement by members of the LLC, involve the internal business affairs and workings of the LLC, and the damages alleged are confined to the LLC and its members. Under these circumstances, the plaintiff has failed to state a claim based on a violation of CUTPA. See Hellerv. North American Rock Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 093432 (February 4, 1991, Lewis, J.) (allegations involving the internal business affairs and workings of the partnership "do not satisfy the requirement for a CUTPA violation that the complained of unfair trade practice arises in the conduct of a trade or commerce or causes substantial injury to consumers (competitors or other businessmen"). CUTPA does not apply to the internal business affairs and workings of partnerships, intracompany disputes among shareholders, disputes between officers and shareholders, or to participants in a joint venture. Chila v. Chila, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 140570 (April 3, 1995, D'Andrea, J.).
Furthermore, the plaintiff's reliance on Larsen ChelseyRealty Co. v. Larsen, 232 Conn. 480, 492, 656 A.2d 1009 (1995) CT Page 6061 and Fink v. Golenbock, 238 Conn. 183, 680 A.2d 1243 (1996), is misplaced. In Larsen, the plaintiff alleged that the defendant "accepted a job with a competing real estate broker and then,acting as a competitor, took actions that harmed the plaintiff." (Emphasis added.) Larsen Chelsey Realty Co. v. Larsen, supra,232 Conn. 494. In Fink, the plaintiff alleged that the defendant's actions were "designed to usurp the business and clientele of one corporation in favor of another." Fink v. Golenbock, supra,238 Conn. 212. The actions of the defendant went "beyond the governance of the corporation, and placed him in direct competition with the interests of the corporation." Id., 213. In the present case, however, the plaintiff's allegations revolve around an "intracompany dispute" or "intracorporate actions."Larsen Chelsey Realty Co. v. Larsen, supra, 232 Conn. 493; Finkv. Golenbock, supra, 238 Conn. 212. The plaintiff does not allege that the defendant engaged in direct competition with the LLC.
Accordingly, the defendant's motion to strike the fifth count is granted.
Summary Judgment
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
Count three (Negligent Misrepresentation)
In the third count, the plaintiff alleges that in entering into the LLC agreement, it relied on Sector's and Howard's representations that they would continue as members of the LLC and that they would carry out their duties and obligations pursuant to the LLC agreement, i.e., that they would "spend their full time in managing the day to day business of the LLC CT Page 6062 including the preparation of a business plan, budgets, and the establishment of financial controls." According to the plaintiff's complaint, these representations were false and were made carelessly, recklessly and negligently.
The defendant argues that none of the representations allegedly made by Sector are false and, therefore, that Howard is entitled to summary judgment on the third count as a matter of law. According to the defendant, the Howard affidavit demonstrates that Sector had every intention of carrying out the representations alleged in the complaint.
The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. . . . [E]ven an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . The governing principles are set forth in similar terms in § 552 of the Restatement (Second) of Torts (1977): `One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."' (Citations omitted; internal quotation marks omitted.) WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 575,657 A.2d 212 (1995). See also D'Ulisse-Cupo v. Board of Directors of NotreDame High School, 202 Conn. 206, 217-18, 520 A.2d 217 (1987) (holding that a private school could be liable for negligent misrepresentation by stating to a teacher that she would be rehired the following year, when it should have known that would not be the case). "Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact."McClintock v. Rivard, 219 Conn. 417, 427, 593 A.2d 1375 (1991).
"The function of the trial court, in summary judgment proceedings, is not to decide issues of material fact, but rather to determine whether any such issues exist." Telesco v. Telesco,187 Conn. 715, 718, 447 A.2d 752 (1982). Generally, issues involving motive and intent are not properly resolved on a motion for summary judgment. Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 250, 618 A.2d 506 (1992); United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 376, 260 A.2d 596
(1969). Even with respect to questions of motive and intent, however, "the party opposing summary judgment must present a CT Page 6063 factual predicate for his argument in order to raise a genuine issue of fact." Wadia Enterprises, Inc. v. Hirschfeld, supra,224 Conn. 250.
In the third count, the plaintiff essentially alleges that defendant Howard falsely represented that he and Sector would devote their full time and attention to the business of the LLC, and that they failed to make capital contribution as provided in the agreement. Although defendant Howard attests in his affidavit that Sector entered into the LLC agreement with the intention of devoting substantially all of its time and efforts to the business of the LLC, the plaintiff has submitted an affidavit by James Tagliaferri in which he attests that Taurus entered into the LLC agreement with Sector based solely on the representations of Howard that he would devote his full time and attention to the business of the LLC, and that Howard failed to devote his full time and attention to the LLC. "Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case." Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111, 639 A.2d 507 (1994).
Under the circumstances in the present case, the plaintiff has presented a sufficient factual predicate to raise a genuine issue of material fact as to the defendant's intent. Accordingly, the defendant's motion for summary judgment as to count three is denied.
Corporate Veil
The defendant argues that he is entitled to summary judgment as to all claims against Howard because the plaintiff's allegations are insufficient to disregard Sector's separate corporate existence under either the instrumentality rule or the identity rule, such that Howard can be held personally liable for Sector's obligations.
"The concept of piercing the corporate veil is equitable in nature." Angelo Tomasso, Inc. v. Armor Construction Paving,Inc., 187 Conn. 544, 555, 447 A.2d 406 (1982). "Courts will . . . disregard the fiction of a separate legal entity to pierce the shield of immunity afforded by the corporate structure in a situation in which the corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." (Internal quotation marks omitted.) Id., 552. The Supreme Court has "affirmed judgments disregarding the CT Page 6064 corporate entity and imposing individual stockholder liability when a corporation is a mere instrumentality or agent of another corporation or individual owning all or most of its stock." Id., 553. See Saphir v. Neustadt, 177 Conn. 191, 210-11, 413 A.2d 843
(1979). (defendant held personally liable where the corporation was operated as the instrumentality or alter ego of the defendant, subject to his sole control).
The instrumentality rule requires proof of three elements: "(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Emphasis in original.)Angelo Tomasso, Inc. v. Armor Construction Paving, Inc., supra,187 Conn. 553. "The issue of whether the corporate veil is pierced presents a question of fact." Id., 561. "[T]he key factor in any decision to disregard the separate corporate entity is the element of control or influence exercised by the individual sought to be held liable over corporate affairs." Id., 556-57. "There must be such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." (Internal quotation marks omitted.) Id., 556.
The plaintiff alleges that defendant Howard "is not only the sole stockholder of Sector but also exercises complete domination and control over Sector's finances and its policies and business practices with respect to the plaintiffs, such that the corporate entity as to the LLC has no separate mind, will or existence of its own," and that "[s]uch control was used by Howard to commit the wrongs and violations of legal duties as herein alleged and such control was the proximate cause of the injury herein complained of." In his affidavit submitted in opposition to the defendant's motion, Tagliaferri attests that during the ten month negotiation period for the LLC agreement, Taurus dealt solely with Howard, and Sector played no part in the negotiations. representations and agreements leading up to the execution of the CT Page 6065 LLC agreement. Furthermore, Tagliaferri attests that "it was clear that Howard exercised complete domination of the finances, policy and business practices of Sector with respect to the LLC transaction." With respect to Susane Vass, with whom Howard claims he shared control over Sector, Tagliaferri attests that he was never advised that Vass was an officer or director of Sector, and that her position existed solely to accommodate Howard. In addition, Howard is not only the sole shareholder of Sector, but is also Sector's president, treasurer and chairman of its board of directors.
Under these circumstances, the plaintiff has presented a sufficient factual basis for piercing the corporate veil, and that a genuine issue of material fact exists as to whether defendant Howard so dominated the affairs of Sector such that Sector is the mere alter ego or business conduit of Howard. "[W]hen the corporation is the mere alter ego, or business conduit of a person, it may be disregarded." De Leonardis v.Subway Sandwich Shops, Inc., 35 Conn. App. 353, 358, 646 A.2d 230
(1994). "[P]iercing the corporate veil is difficult and . . . it is appropriate only under exceptional circumstances. Nonetheless, a party is entitled to attempt to prove its allegations of the existence of an alter ego." Id., 358-59. Accordingly, the defendant's motion for summary judgment as to all claims against Howard is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of May, 1997.
William B. Lewis, Judge