[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE ($107)
The plaintiffs, Optima Limousine Service, Inc. and Alfred Ladines, filed a four count revised complaint against the defendants, RP Leasing Associates, Ltd. (RP Leasing) and Richard K. Hallock, on October 9, 1997. The complaint sounds in conversion (count one), breach of contract (count two), fraud (count three), and a violation of CUTPA (count four). Each count also alleges a violation of the Retail Installment Sales Finance Act (RISFA).
The plaintiffs allege that they leased, with an option to purchase, a 1992 Lincoln limousine and a 1995 Lincoln Town Car from the defendants, and that on October 7, 1996, both vehicles were wrongfully repossessed by the defendants.
The defendants have filed a motion to strike the entire complaint on the ground that the plaintiffs incorrectly rely upon General Statutes § 36a-785 to support their claims. In the alternative, the defendants move to strike count two of the complaint on the grounds that it joins two causes of action which cannot be joined, and that it alleges a breach of contract claim against Hallock, who is not a party to the contract.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997).
General Statutes § 36a-785 is a part of the Retail Installment Sales Finance Act, General Statutes § 36a-770, et CT Page 2607 seq. "The Retail Instalment Sales Financing legislation applies to purchases of goods. There is nothing in the statutes to suggest that it applies to a lease agreement." BMW FinancialServices v. Samele, Superior Court, Judicial District of Litchfield, Docket No. 072086 (February 20, 1997, Pickett, J.T.R.) (19 Conn. L. Rptr. 170, 171).
Nevertheless, "[i]f any part of a count states a legally sufficient cause of action, then that count is not subject to a motion to strike." Bouchette v. Mercedes Benz, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150339 (February 6, 1997, Ryan, J.). "Where . . . two causes of action are combined in the same count, both will survive even though one might not otherwise state a cause of action if it had been pleaded in a separate count. The proper way to cure combining separate causes of action in one count is by a request to revise rather than a motion to strike the entire complaint." Id.
In the present case, the court agrees that the plaintiffs inappropriately invoke General Statutes § 36a-785. The court's inquiry on a motion to strike, however, cannot stop there. It is necessary to determine whether any other part of the counts that the defendants seek to strike are legally sufficient.
The only other portion of a count that is challenged by the defendants is the breach of contract allegations found in count two. The plaintiffs allege, in count two of the complaint, that the "[d]efendants actions constitute a breach of the [l]ease [a]greement and contract between the two parties. . . . "[1]
The defendants argue that count two is legally insufficient because the defendant Hallock cannot be held personally liable for the actions of RP Leasing.
In order "[t]o hold a corporate officer personally liable for wrongdoing, there must be a sufficient factual basis for a court to pierce the corporate veil. . . . When the statutory privilege of doing business in the corporate form is employed as a cloak for the evasion of obligations, as a mask behind which to do injustice, or invoked to subvert equity, the separate personality of the corporation will-be disregarded. . . . A court may pierce the corporate veil only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice. The corporate veil will be pierced when the CT Page 2608 corporate entity has been so controlled and dominated that justice requires liability to be imposed on the real actor." (Citations omitted.) De Leonardis v. Subway Sandwich Shops, Inc.,35 Conn. App. 353, 358-59 n. 3, 646 A.2d 230, cert. denied, 231 Conn. 925,648 A.2d 162 (1994).
In the present case, the plaintiffs have not alleged sufficient facts to demonstrate that the defendant Hallock controlled RP Leasing to such an extent that the court should pierce the corporate veil and hold Hallock personally liable for the alleged breach of contract. Therefore, count two of the complaint, as alleged against Hallock, is legally insufficient.
The defendants do not challenge any of the plaintiffs' other common law and CUTPA claims. When ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion and unspecified grounds cannot furnish a basis for granting the motion. Merideth v. Police Commission,182 Conn. 138, 140-41, 438 A.2d 27 (1980).
The plaintiffs have failed to plead legally sufficient causes of action under RISFA. Nevertheless, the motion to strike the entire complaint is denied based on the fact that the plaintiffs have pleaded, in addition to the RISFA claims, legally sufficient common law and statutory causes of action. Further, the allegations found in the complaint are legally insufficient to hold the individual defendant Hallock liable for the actions of the corporate defendant RP Leasing. Therefore, the defendants' motion to strike count two is granted as to the defendant Hallock only.
So Ordered.
KARAZIN, J.