[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #118.00
The plaintiffs, Dennis Rafferty and Jeannie Rafferty, filed a six count complaint against defendants Anthony Noto, Heidi Noto and Noto Bros. Construction, L.L.C. The plaintiffs allege that they entered into a contract with the defendants for the purchase of a lot in the town of New Milford, upon which the defendants were to construct a single family dwelling for a specified amount. The New Milford zoning commission subsequently required some changes to the original specifications of the dwelling. The complaint alleges that defendant Heidi Noto stated that these required changes would be made without any additional charge to the plaintiffs. At or near the time of closing, defendants Anthony and Heidi Noto and Noto Bros. Construction, L.L.C. demanded an additional $20,000.00 for the required changes. The ensuing dispute between the parties could not be resolved and the defendants refused to convey the property. CT Page 5369
On February 1, 2001, defendants Anthony and Heidi Noto moved to strike counts one through five of the complaint on the ground that they are not parties to the contract upon which those counts rely. Additionally, all three defendants move to the fifth count of the complaint, alleging violations of the Connecticut Unfair Practice Act (CUTPA), General Statutes § 42-110a et seq., on the ground that the plaintiffs have not made the requisite allegations of conduct offensive to public policy or conduct that is immoral, unethical, oppressive, or unscrupulous. The motion to strike does not address the sixth count of the complaint, which alleges that defendant Noto Brothers Construction, L.L.C. is the alter ego of the individual defendants, Anthony and Heidi Noto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270 (1998). "[W]e must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets in original; citations omitted.) Id., 270-71. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140 (1980).
Turning first to the counts defendants Noto alone seek to strike, the court considers applicable statutory law. General Statutes § 34-133
provides, with certain exceptions not applicable here, that: "a person who is a member or manager of a limited liability company is not liable, solely by reason of being a member or manager, under a judgment, decree or order of a court, in any other manner, for a debt, obligation or liability of the limited liability company, whether arising in contract, tort or otherwise or for the acts or omissions of any other member, manager, agent or employee of the limited liability company." Thus, "[o]ne of the principal reasons to use an LLC is that the owners and managers, if the owners so elect, have limited liability from contract and tort claims of third parties." M. Pruner, A Guide to Connecticut Limited Liability Companies, § 3.1.1, p. 9 (1995).
The protection afforded by the L.L.C. is not unlimited and may be disregarded, as in the case of a corporation, when the L.L.C. is the alter ego or business conduit of individuals.[1] See De Leonardis v.Subway Sandwich Shops, Inc., 35 Conn. App. 353, 358, cert. denied, CT Page 5370231 Conn. 925 (1994) ("when [a] corporation is the mere alter ego, or business conduit of a person, it may be disregarded"). However, "the corporate veil is pierced only under exceptional circumstances, for example, where the corporation is a mere shell, serving no legitimate purpose, and used primarily as an intermediary to perpetuate fraud or promote injustice." Angelo Tomasso, Inc. v. Armor Construction Paving,Inc., 187 Conn. 544, 557 (1982).
Although the plaintiffs' allegations supporting the alter ego theory are legal conclusions that simply paraphrase one of the rules used to determine whether the alter ego theory may properly be applied, the defendants do not raise the sufficiency of these allegations.[2]
Instead they address the issue of whether an action may be maintained against individual defendants who are not parties to the contract. As noted previously, the court is limited by the grounds stated in the motion. See Meredith v. Police Commission, supra, 182 Conn. 140. Because the plaintiffs seek to invoke the alter ego theory and thus disregard the L.L.C., an action against the defendants Noto for the acts of the L.L.C. may be maintained. The motion to strike counts one through four is denied.
As to the fifth count of the complaint, the plaintiffs allege that the "[d]efendants have engaged in unfair or deceptive acts or practices in the conduct of their trade." When one construes this allegation in the manner most favorable to the plaintiff, it attempts to set forth a claim under CUTPA. "In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) Williams Ford, Inc. v. Hartford Courant Co., 232 Conn. 559, 591
(1995).
The defendants assert that the plaintiffs have not alleged conduct satisfying the first and second prongs of the cigarette rule. A review of the facts as alleged leads the court to agree with the defendants. The allegations set forth nothing beyond a breach of contract. "The clear weight of superior court authority is that a simple breach of contract does not suffice to support a CUTPA claim." Robinson v. Van Dyck PrintingCompany, Superior Court, judicial district of New Haven at N Haven, Docket No. 360526 (April 25, 2000, Devlin, J.). Because the plaintiffs CT Page 5371 have not alleged sufficient facts to support a CUTPA claim, the count is insufficient as a matter of law.
For the foregoing reasons, the motion to strike is denied as to the first four counts of the complaint and granted as to the fifth count.
DiPentima, J.