ALCO STANDARD CORPORATION *v.* ROBERT
CHARNAS ET AL.
(AC 19253)

O'Connell, C. J., and Foti and Healey, Js.

Argued December 14, 1999—officially released February 8, 2000

*David S. Feldman*, for the appellants (defendants).

*Jeffrey R. Martin*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendants, Robert Charnas and Joan Charnas, appeal from the judgment of strict foreclosure rendered by the trial court. On appeal, the defendants claim that the court improperly (1) concluded that the promissory note did not require notice of default for nonpayment and (2) rendered summary judgment as to liability. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. As part of a settlement of another action, the defendants executed a promissory note in favor of the plaintiff in the amount of $100,000. The note was secured by a mortgage on the defendants' home in Glastonbury. The note and

mortgage were given in 1995 to secure a disputed claim by the plaintiff against CSA, Inc., and Robert Charnas, in which Charnas guaranteed the lease of office equipment by CSA, Inc., from the plaintiff. In consideration of the plaintiff's agreement not to pursue available prejudgment remedies, the defendants provided the subject note and mortgage. They were given to secure, up to $100,000, any judgment obtained by the plaintiff against CSA, Inc., and Robert Charnas. The note and mortgage were without recourse as to the defendant Joan Charnas.

On or about October 23, 1997, the parties stipulated to a judgment in the amount of $140,000 in favor of the plaintiff against CSA, Inc. On April 17, 1998, the plaintiff brought the present action. On April 29, 1998, the defendants moved to dismiss because "the plaintiff, pursuant to the terms of the note, has not yet put the note into default." The court, *Leheny, J.*, denied the defendants' motion, noting that the promissory note did not require a notice of default or any opportunity to cure when the default was for failure to make payments required thereunder.

On November 13, 1998, the plaintiff moved for summary judgment. At that time, although some payments had been made on the obligation, the balance on the judgment, including interest, amounted to $113,808.24. The defendants objected to the motion for summary judgment, claiming that there existed a genuine issue of material fact as to "whether the note is properly in default [such] that the plaintiff is not entitled to judgment as a matter of law." On December 7, 1998, the court, *Graham, J.*, granted the plaintiff's motion for summary judgment as to liability only, noting that "[t]he note does not require notice of default for nonpayment. There is no genuine issue of material fact in dispute, and the plaintiff is entitled to judgment as a matter

of law." On January 17, 1999, the court, *Shortall, J.*, rendered a judgment of strict foreclosure.

The sole issue on appeal is whether the terms of the note require notice and an opportunity to cure when the default lies in nonpayment, as is the case under the note's terms for nonmonetary defaults.

A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies. *SKW Real Estate Ltd. Partnership* v. *Gallicchio*, 49 Conn. App. 563, 574, 716 A.2d 903, cert. denied, 247 Conn. 926, 719 A.2d 1169 (1998). In construing a contract, the controlling factor is normally the intent expressed in the contract, "not the intent which the parties may have had or which the court believes they ought to have had." (Internal quotation marks omitted.) *Robinson* v. *Weitz*, 171 Conn. 545, 551, 370 A.2d 1066 (1976). "Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *De Leonardis* v. *Subway Sandwich Shops, Inc.*, 35 Conn. App. 353, 357, 646 A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994). "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.) *Sturman* v. *Socha*, 191 Conn. 1, 11–12, 463 A.2d 527 (1983).

The relevant language in the note is as follows: "If any payment due hereunder shall not have been paid within ten (10) days after the same is due, or if any other agreement of the Maker herein contained shall be in default and shall not have been fully performed within thirty (30) days after written notice of default has been mailed to Maker . . . or if title to said Property is

transferred other than by operation of law, then the entire unpaid principal, at the option of Holder, shall become immediately due and payable without notice or demand."

The language of the note is clear and unambiguous; it differentiates between monetary and nonmonetary defaults, and provides for notice of default and an opportunity to cure only with reference to the latter. The default in this case was for failure to make payments as promised. Therefore, there was no obligation to provide notice of default. We do not agree with the defendants' argument that any default, including nonpayment, requires a notice of default and an opportunity to cure. That interpretation flies in the face of the note's clear language and would cause the entire first phrase of the default paragraph to be without a specific legal meaning. Clearly, the language addresses two separate and distinct alternatives that would cause the unpaid principal to become immediately due. Those are (1) payment not being made as promised or (2) the occurrence of some other violation of the agreement that is not cured within thirty days of written notice.

Because the note did not require notice of default for failure to make payment, there was no genuine issue of material fact, and summary judgment as to liability was properly rendered.[1]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] The defendants argue on appeal that because the stipulated judgment in the other action allowed for a conditional stay of execution of that judgment agreed to by the parties at the time that judgment was rendered, and because some payments were made thereafter, then by necessity a genuine issue of fact exists as to a default. This issue does not appear to have been raised before the trial court; the only issue of fact claimed by the defendants was the notice requirement pursuant to the terms of the note.