[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFFS' MOTION TO VACATE ARBITRATION AWARD AND DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD AND FOR JUDGMENT 
CT Page 726
 FACTS 
This matter is currently before the court on application by the plaintiff, National Association of Governmental Employees Union (NAGE), to vacate an arbitration award issued June 24, 1999 in favor of the defendant, Waterford board of education (board). The arbitration arose from a dispute regarding whether the defendant violated article eight of the collective bargaining agreement[1] when it denied the grievant reimbursement for mileage cost.
The incident subject to dispute began on November 21, 1997, when the grievant, Ms. Peggy Mosley, was notified that she was being transferred from Waterford High School to Quaker Hill Elementary School for the day. She agreed to the transfer and used her personal vehicle for transportation to Quaker Hill elementary school from Waterford high school.
On December 1, 1997, the grievant forwarded a request for mileage reimbursement to the board's director of building and grounds, William Coulliard. On December 3, 1997, Mr. Coulliard denied the request. On December 9, 1997, NAGE filed a grievance on behalf of Ms. Mosley alleging that the board violated article eight of the collective bargaining agreement. The board denied the grievance and the matter was appealed by the plaintiff to the State Board of Mediation and Arbitration.
The parties submitted the following joint issue to the arbitration panel: "Whether the employer violated Article 8 of the Collective Bargaining Agreement when it denied the Grievant reimbursement for travel on November 21, 1997 from Waterford High School to Quaker Hill Elementary School ? If so, what shall be the remedy ?"
After a full evidentiary hearing and the submission of briefs by both parties, the panel issued a written award in favor of the board of education on June 24, 1999. The panel found that the grievant did not use her personal automobile during her workday and, therefore, was not entitled to mileage. The panel specifically found that the board had a practice whereby they would transport an employee from one school to another, if the employees work cite was moved during their work day. The panel further found that, in such an event, the employee was given the option to use their own personal vehicle for transportation, and that employees would generally opt to use their own transportation because it would allow them to go directly from their place of work to home, but that the option to be transported to and from the original work cite was always available to the employee. Lastly, the panel found that the CT Page 727 practice of the board to transport employees from work cite to work cite was known to the employees. Therefore the board concluded that the grievant was not required to use her own transportation as part of her workday, but chose to do so and denied the plaintiff's grievance.
On July 22, 1999, the plaintiff filed an application to vacate the arbitration award. In its memorandum in support of its application, filed November 8, 1999, the plaintiff argues that the arbitration panel exceeded its powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. The panel allegedly did so by finding that the board had a policy of transporting employees from work cite to work cite, which was known to the employees, was published, and should have been known by the grievant, although the policy was not reduced to writing. The plaintiff further alleged that the panel made this finding without any evidence that the greivant was offered transportation or given the option to use her own vehicle to go from the Waterford High School work cite to the Quaker Hill Elementary School work cite.
On November 18, 1999, the defendant filed an answer and motion to confirm the arbitration award. In its memorandum of law, the defendant argues that the decision of the arbitrators did not exceed their powers under the arbitration clause of the collective bargaining agreement and that the plaintiff is appealing because it feels that the arbitrators made the wrong factual decision which is not a proper basis to appeal an arbitration panel's award. In support of its motion to confirm, the defendant argues that the confirmation should be awarded as a matter of right under General Statutes § 52-417, if the plaintiff's motion to vacate is denied.
 STANDARD OF REVIEW 
Section 52-408 of the General Statutes provides that "[a]n agreement in any written contract, or in a separate writing executed by the parties to any written contract, to settle by arbitration any controversy thereafter arising out of such contract . . . shall be valid, irrevocable and enforceable, except when there exist sufficient cause at law or in equity for the avoidance of written contracts generally." "Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination. (Internal quotation marks omitted.) Gary Excavating, Inc. v. NorthHaven, 164 Conn. 119, 121, 318 A.2d 84 (1972); see also Harry Skolnick Sons v. Heyman, 7 Conn. App. 175, 179, 508 A.2d 64, cert. denied,200 Conn. 803, 510 A.2d 191 (1986).
"Judicial review of arbitral decision is narrowly confined. When the CT Page 728 parties agree to arbitration and establish the authority of the arbitrator[s] through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . .When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of laws so long as the award conforms to the submission. . . .Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . .Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decisions of the legal questions involved." (Citations omitted; internal quotation marks omitted.) Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, 248 Conn. 108, 114-15, 728 A.2d 1063 (1999).
"One of the principal reasons for this deference is that the scope of our review is expressly limited by § 52-418 . . . and, sometimes, by the terms of the parties' agreement. . . .We have stated on numerous occasions that arbitration is a creature of contract. . . .Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ form that of the arbitrator." (Citations omitted.) Id., 115-1 6.
"These well established principles governing consensual arbitration are subject to certain exceptions. Even in the case of an unrestricted submission we have . . . recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statutes . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418.[2] (Citations omitted; internal quotation marks omitted.) Id., 116. "[E]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' act and proceedings. . . .Thus, as the party challenging the award, the plaintiff bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." (Citations omitted; internal quotation marks omitted.) MetropolitanDistrict Commission v. AFSCME, Council 4, Local 184, 237 Conn. 114, 119,676 A.2d 825 (1996).
Applying these principles to the present case, the court must first determine whether the submission to the arbitral board was unrestricted. "In determining whether a submission is unrestricted, we look at the CT Page 729 authority of an arbitrator. The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted. . . ." Hartford v.International Assn. of Firefighters, Local 760, 49 Conn. App. 805,811-12, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998);South Windsor v. South Windsor Police Union Local 1480, 57 Conn. App. 490,497-98, 750 A.2d 465, cert. granted, 253 Conn. 924, 754 A.2d 800 (2000).
Upon review of the issue submitted to the arbitrators in this action, the court finds that the parties did not expressly limit the breadth of the issues to be considered, reserve explicit rights for the parties, or condition the arbitral award on court review. Based on a review of the plaintiff's application, memorandum of law, and oral argument, the court has also determined that the plaintiff did not claim that the issue submitted to the arbitration panel was restricted.[3] Therefore, the court determines that the submission in this case is unrestricted. Consequently, the arbitrator's award may be vacated only if it falls into one of the three categories mentioned above.
 NO MANIFEST DISREGARD OF THE LAW 
The plaintiff contends that in denying its grievance, the arbitration panel has exceeded its powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. The plaintiff argues that the arbitration award results from an egregious or patently irrational application of the law. The plaintiff argues, therefore, that the court should vacate the arbitration award.
In support of its position, the plaintiff contends that the following findings of the arbitral board represent an egregious or patently irrational application of the law: (1) that the arbitral board found that the defendants had a policy of transporting employees from one work cite to another, or would offer the employee the opportunity to use their own vehicle to transport themselves; (2) that the arbitration board found that this policy was published and should have been known by the grievant; (3) that the arbitral board made these findings in the absence of evidence that the plaintiff was offered transportation or given the option to use her own vehicle; and lastly, (4) that the arbitral board found this policy in the absence of any written published statement by the board which indicates that the plaintiff should have had notice of the policy.
The plaintiff argues that these findings violate Connecticut contract law. The plaintiff's argue that the arbitrator's interpretation of the CT Page 730 word "required" is outside of its "common, natural and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Albert Mendel Sons, Inc. v. Krogh, 4 Conn. App. 117, 123
(1985). Based on this, the plaintiff argues that the arbitrator's tortured words to import ambiguity into article eight of the arbitration agreement where none existed. Sturman v. Socha, 191 Conn. 1, 11-12,463 A.2d 257 (1983).
"[A]n award that manifest an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-481(a)(4) because the arbitrator has `exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' We emphasize, however, that the `manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) Saturn Construction Co.v. Premier Roofing Co., supra, 238 Conn. 304.
"So delimited, the principle of vacating an award because of a manifest disregard of the law is an important safeguard of the integrity of alternative dispute resolution mechanism. judicial approval or arbitration decisions that so egregiously depart from established law that they border on the irrational would undermine society's confidence in the legitimacy of the arbitrational process. . . . Furthermore, although the discretion conferred on the arbitrator by the contracting parties is exceedingly broad, modern contract principles of good faith and fair dealing recognize that even contractual discretion must be exercised for purposes reasonably within the contemplation of the contracting parties." (internal quotation marks omitted.) Saturn Construction Co. v.Premier Roofing Co., supra, 238 Conn. 305.
Our Supreme Court has "adopted the test enunciated by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418(a)(4). . . .The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Id.
The three-part test adopted by our Supreme Court must be applied to the CT Page 731 plaintiff's present claim that the arbitrators manifestly disregarded the law by finding that the plaintiff was not required to drive from the Waterford High School to the Quaker Hill Elementary School. The plaintiff has failed, however, to satisfy any of the elements.
"Contractual intention is generally held to be a question of fact."Albert Mendel Son, Inc. v. Krogh, 4 Conn. App. 117, 123, 492 A.2d 536
(1985); see First Hartford Realty Corporation v Ellis, 181 Conn. 25, 33,434 A.2d 314 (1980). "The words as written, moreover, must be accorded a fair and reasonable construction and their `common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract.'" Eis v. Meyer, 17 Conn. App. 664, 669, 555 A.2d 994
(1989); Albert Mendel Son, Inc. v. Krough, supra, 4 Conn. App. 123. "In construing a contract, the controlling factor is normally the intent expressed in the contract, not the intent which the parties may have had or which the court believes they ought to have had." (Citation omitted; internal quotation marks omitted.) Alco Standard Corp. v. Charnas,56 Conn. App. 568, 571, 744 A.2d 924 (2000). "Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . .In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) Alco Standard Corp. v. Charnas, supra, 56 Conn. App. 571; DeLeonardis v. Subway Sandwich Shops, Inc., 35 Conn. App. 353, 357,646 A.2d 230, cert. denied, 231 Conn. 925, 648 A.2d 162 (1994). "The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity.' (Internal quotation marks omitted.) AlcoStandard Corp. v. Charnas, supra, 56 Conn. App. 571; Sturman v. Socha, supra, 191 Conn. 11-12.
Despite the plaintiff's insistence that the arbitrators' error was obvious, it has failed to cite a single authority in which it has been held that the word "required" is found to be a legal term of art, or otherwise a term which is not subject to interpretation by the arbitrators. Absent such a finding, the definition of the term "required" is a question of fact, and one which will not be disturbed so long as the arbitrators construed the term in a fair and reasonable manner in the context of the overall agreement between the parties. The court, therefore, finds that the error is not one that was so obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator, and the first prong of the test is not met.
In addition, the plaintiff has submitted no evidence that suggests that the arbitration panel appreciated the existence of a clearly governing legal principle and decided to ignore it. Indeed, the court finds that CT Page 732 there is no clearly governing legal principle controlling the interpretation of the word "required." Therefore, the second prong of the test is not met.
Lastly, the court finds that while the law stated governing the interpretation of contracts is well defined and explicit, it is not clearly applicable to the matter currently before the court. Therefore the plaintiff has failed to meet the third prong of the test.
Since the court has found that none of the three prongs of the test were met, the requirements of General Statutes § 52-418(a) are not met. Therefore, the plaintiff's motion to vacate the award based on the arbitrators' manifest disregard of the law is denied.
 DEFENDANT'S MOTION TO CONFIRM THE AWARD 
"General Statutes 52-417 provides that in ruling on an application to confirm an arbitration award the court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419. The trial court lacks any discretion in confirming the arbitration award unless the award suffers from any of the defects described in General Statutes 52-418 and 52-419." (Internal citations omitted; internal quotation marks omitted.)Amalgamated Transit Union Local 1588 v. Laid law Transit, 33 Conn. App. 1,3-4, 632 A.2d 713 (1993). As the plaintiff's motion to vacate has been denied, the defendant's motion to confirm the arbitration award is granted pursuant to General Statutes § 52-417.
D. Michael Hurley, Judge Trial Referee