[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, GE Capital Mortgage Services, Inc., filed a complaint on March 26, 2001, against the defendants, Susan M. Bartlett and the State of Connecticut, Department of Revenue Services, seeking a foreclosure of real property known as 98 Midwood Avenue, Wolcott, Connecticut.[1]
Specifically, the plaintiff alleges that Edward R. Carter executed and delivered a promissory note on October 8, 1999, to the plaintiff for a loan in the original principal amount of $240,000.[2] The plaintiff further alleges that, on that same date, Bartlett and Carter executed and delivered to the plaintiff a mortgage on the property at issue, and that the plaintiff is the owner and holder of the note and mortgage. The plaintiff elected to accelerate the balance due on the note, once it was in default, and provided written notice to the defendants. The plaintiff alleges, however, that the defendants have failed to cure the default. By virtue of the survivorship provisions in the warranty deed and the subsequent death of Carter, the plaintiff alleges that Bartlett became the owner of the equity of redemption of the property and is in possession of the property at issue.
The plaintiff filed the current action on March 26, 2001, seeking a foreclosure of the mortgage, possession of the property, money damages, reasonable attorneys' fees, interest, costs of suit, a deficiency judgment and such other relief that the court may deem just and reasonable. On May 14, 2001, the plaintiff moved that a judgment of strict foreclosure enter in this action and, on June 14, 2001, Bartlett CT Page 3247 filed her answer and special defenses. Specifically, Bartlett alleges that she is not responsible for the payment of the promissory note.
The plaintiff now moves for summary judgment as to liability only on the ground that there are no genuine issues of material fact with respect to Bartlett's liability.[3] The plaintiff filed a memorandum in support of its motion with supporting documentation and Bartlett filed a timely memorandum in opposition with supporting documentation. This court, granted the motion on November 19, 2001, and subsequently vacated its order on December 10, 2001 and set the matter down for oral argument to be held on January 7, 2002, once Bartlett's memorandum in opposition was incorporated into the file. Accordingly, the court will now address the merits of the plaintiff's motion.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
The plaintiff argues that there are no genuine issues of material fact regarding Carter's or Bartlett's liability under the loan documents.[4]
The plaintiff contends that Carter and Bartlett have not made a payment on the loan since December 2000, and that the loan documents are in default. In support of its motion, the plaintiff attached an affidavit from a lead foreclosure specialist, the promissory note signed by Carter, the open-end mortgage signed by Carter and Bartlett and a notice of failure to comply with the terms of the note and mortgage which was sent to Carter.
Bartlett, in response, argues that genuine issues of material fact exist regarding any liability on her part. Bartlett contends that she had no notice or knowledge of any default of payments and, further, argues that the plaintiff was aware that she was not a signatory to the promissory note. Bartlett also attached documentation in support of her position, specifically, monthly billings statements and the promissory note which reference Carter only, not Bartlett. CT Page 3248
"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies." Alco StandardCorp. v. Charnas, 56 Conn. App. 568, 571, 744 A.2d 924 (2000). "Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker." (Internal quotation marks omitted.) Estate of Baraglia v. Poulos, Superior Court, judicial district of New Britain, Docket No. 497776 (September 18, 2000,Kocay, J.). "[W]hen examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted. . . . The court may grant a motion for summary judgment on liability only and hold [a] hearing on damages at a later date." (Internal quotation marks omitted.) Id.
The plaintiff has established, through its affidavit and exhibits, that Edward R. Carter borrowed $240,000 from the plaintiff and agreed to make payments pursuant to the terms of the note. (Plaintiff's Memorandum, Exhibit A.) The plaintiff also provided as documentation an open-end mortgage which was signed by both Carter and Bartlett, securing the note. (Plaintiff's Memorandum, Exhibit B.) Further, the plaintiff provided a formal notice of failure to comply with the terms of the note and mortgage, which was sent to Edward R. Carter at the property at issue in this case. (Plaintiff's Memorandum, Exhibit C.)
Bartlett, however, has opposed the plaintiff's motion for summary judgment and has provided documentation in support of her position. Bartlett provided a monthly billing statement from the plaintiff sent to Carter. (Defendant's Memorandum, Exhibit A.) In this statement, Carter is listed as the sole mortgagor and the property listed is the property at issue in this case. (Defendant's Memorandum, Exhibit A.) The plaintiff also attached the note as an exhibit, which was signed only by Carter, not Bartlett. (Defendant's Memorandum, Exhibit B.) Further, Bartlett provided a copy of the plaintiff's complaint and her answer, in which she admits that Carter executed and delivered to the plaintiff the note and, further, admits that by virtue of survivorship provisions in the deed, she is the owner of the equity of redemption of the property and is in possession of the property. (Defendant's Answer and Special Defenses, ¶¶ 3 and 9.)
Bartlett does not necessarily dispute that the note is in default. Instead, Bartlett disputes that she is liable for the note and argues that she did not receive notice that the note was in default. Bartlett has provided sufficient evidence that contradicts the plaintiff's evidence that Bartlett is liable for the promissory note or that she received notice that the note was in default. CT Page 3249
The only signatory to the note was Carter, who is now deceased. Further, the notice provision provides in relevant part that "any notice that must be given to [Carter] under this Note will be given by delivering it or by mailing it by first class mail to [Carter] at the Property Address above or at a different address if I give the Note Holder a notice of my different address." (Plaintiff's Memorandum, Exhibit A; Defendant's Memorandum, Exhibit B.) The evidence shows that when the plaintiff sought to provide formal notice of the default of the note and mortgage, it sent the notice to Edward R. Carter only. (Plaintiff's Memorandum, Exhibit C.) Further, Bartlett provided a monthly billing statement of the plaintiff which lists Carter as the sole mortgagor. (Defendant's Memorandum, Exhibit A.) The only evidence linking Bartlett to the note is the open-end mortgage signed by her and Carter. (Plaintiff's Memorandum, Exhibit B.) While the plaintiff has established that it loaned Carter $240,000, as evidenced by the note signed by Carter, it has failed to provide clear evidence that Bartlett is liable for the note or that she received notice of any alleged default.
The court finds, therefore, that Bartlett has successfully raised genuine issues of material fact with regard to her liability on the note. Accordingly, the plaintiff's motion for summary judgment as to liability with respect to Bartlett is denied.
THOMAS G. WEST, J.