[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #109
 FACTS
On November 30, 2001, the plaintiff, Associates Home Equity Services, Inc., filed an amended complaint against the defendant, Russell Gomes. The plaintiff's complaint alleges the following facts. On November 9, 2000, the defendant owed Champion Mortgage Co., Inc. (Champion Mortgage) $39,400, payable in monthly installments of principal and interest. The defendant mortgaged the premises known as 155 Flanders Road, East Lyme, Connecticut, as security for the mortgage. The mortgage deed was recorded in the East Lyme land records on November 20, 2000. On February 19, 2001, Champion Mortgage assigned the note and mortgage to Associates Home Equity Services, Inc.
The complaint further alleges that the note and mortgage, payable to the plaintiff, is in default by virtue of nonpayment of installments of principal and interest due on February 15, 2001 and each month thereafter. Subsequently, the plaintiff exercised its option to declare the entire balance of the note due and payable.
On November 19, 2002, the defendant filed an answer, special defenses and counterclaims. In his answer, the defendant admits that on November 9, 2002, he owed Champion Mortgage $39,400. The defendant further admits that a property located at 155 Flanders Road, East Lyme, was used to secured the note.
On February 7, 2002, the plaintiff filed a motion for summary judgment on the ground that there is no issue of material fact with respect to the defendant's liability in this foreclosure action. In support, the plaintiff attached a memorandum of law and numerous exhibits including affidavits, a copy of the note and mortgage and a copy of the assignment of mortgage. The defendant filed an objection to the plaintiff's motion CT Page 9307 for summary judgment on March 1, 2002.[1] In support, the defendant attaches a brief memorandum of law and his own affidavit. The plaintiff subsequently submitted a reply to the defendant's objection to its motion for summary judgment.
 DISCUSSION
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; internal quotation marks omitted.) BuellIndustries Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, 550,791 A.2d 489 (2002). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45.
Pursuant to Practice Book § 17-45, the plaintiff argues that because the defendant's objection to its motion for summary judgment was untimely filed, it's motion for summary judgment is consequently unchallenged, and therefore, should be granted. Practice Book § 17-45
provides in relevant part that "[t]he adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence." Our Supreme Court has held that "[a]lthough [Practice Book § 17-45] declares that materials in opposition to a motion for summary judgment shall be filed the day before the hearing, it does not contain any provision . . . that the consequences of noncompliance with the rule is that the delinquent party shall be deemed by the court to have consented to the granting of the motion." (Internal quotation marks omitted.) Pepev. New Britain, 203 Conn. 281, 287, 524 A.2d 629 (1987). Consequently, although the defendant filed his objection to the plaintiff's motion for summary judgment in an untimely manner,[2] the defendant will not be deemed by this court to have consented to the granting of the plaintiff's motion for summary judgment.
The plaintiff argues that there is no disputed issue of material fact as to the defendant's liability on the note and mortgage. In support, the CT Page 9308 plaintiff submits a notarized affidavit from Todd Boothroyd, vice president of the plaintiff's loan servicing company. Boothroyd avers that on "November 9, 2000 the defendant . . . owed Champion Mortgage Co., Inc. $39,400.00 . . . [and that] note and the mortgage are in default by virtue of nonpayment of the installments of principal and interest due on February 15, 2001 and each and every month thereafter." (Plaintiff's exhibit B.) The plaintiff also submits a copy of the note, signed by the defendant, in which the defendant agrees to "pay $39,400.00 plus interest to the order of the lender," Champion Mortgage. (Plaintiffs exhibit C.) The plaintiff further submits a certified copy of the "assignment of mortgage" from Champion Mortgage to the plaintiff. (Plaintiff's exhibit E.)
In opposition, the defendant offers no evidence establishing that a genuine issue of material fact exists as to his liability on the note and mortgage. In his own affidavit, the defendant admits that he entered into a mortgage with Champion Mortgage. The defendant avers that "in November 2000 I made payments on a mortgage entered into with Champion Mortgage." (Defendant's affidavit.)
"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies." Alco StandardCorp. v. Charnas, 56 Conn. App. 568, 571, 744 A.2d 924 (2000). "Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and signed by the maker. . . . [W]hen examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted. . . . The court may grant a motion for summary judgment on liability only. . . ." (Brackets in original; citations omitted; internal quotation marks omitted.) GECapital Mortgage Services Inc. v. Bartlett, Superior Court, judicial district of Waterbury, Docket No. CV 01 0164341 (March 13, 2002, West,J.).
The plaintiff has established, through its affidavits and exhibits, that the defendant borrowed $39,400 from Champion Mortgage, that the mortgage was assigned to the plaintiff and that the note and mortgage are in default. The defendant has not submitted any evidence contradicting the evidence submitted by the plaintiff. In a motion for summary judgment, "the opposing party must present some evidence that demonstrates the existence of some disputed factual issue." Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). The defendant has not successfully raised a genuine issue of material fact as to his liability on the note and mortgage.
In his answer, the defendant alleges three special defenses. In his CT Page 9309 first special defense the defendant alleges that the plaintiff's "overall conduct . . . has been oppressive and outrageous and makes plaintiff subject to Unfair Trade Practices and Unfair Collection Practices sanctions." In his second special defense, the defendant alleges that "the plaintiff has failed to provide sufficient and adequate notice of default." The defendant's third special defense alleges that he did not" waive notices under the claimed note to subsequent lienholders." The plaintiff argues in opposition that it is entitled to summary judgment despite the defendant's special defenses, because the special defenses set forth by the defendant are not based on factual allegations and therefore, are legally insufficient.
"`[A] foreclosure action constitutes an equitable proceeding. . . . In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles.' (Citations omitted; internal quotation marks omitted.)LaSalle National Bank v. Shook, supra, 67 Conn. App. 96-97. `[O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury.' (Internal quotation marks omitted.) New Haven Savings Bank v.LaPlace, 66 Conn. App. 1, 10, 783 A.2d 1174, cert. denied, 258 Conn. 942,786 A.2d 426 (2001)." Lasalle National Bank v. Freshfield Meadows,69 Conn. App. 824, 833-34, ___ A.2d ___ (2002).
"Only one of the defendants' defenses needs to be valid in order to overcome the motion for summary judgment." Union Trust Co. v. Jackson,42 Conn. App. 413, 417, 679 A.2d 421 (1996). "Mere assertions of fact [however] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." Yancey v. Connecticut Life Casualty Ins. Co., 68 Conn. App. 556, 559, 791 A.2d 719 (2002). CT Page 9310
The defendant claims the plaintiff violated the Connecticut Unfair Practices Act (CUTPA) but does not provide any facts in support. To assert a valid claim under CUTPA, the complaint "must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast,Lahan King, P.C., 32 Conn. App. 786, 797, 631 A.2d 340, cert. denied,228 Conn. 903, 634 A.2d 296 (1993). Further, the defendant alleges that he didn't receive notice of default. "Connecticut Superior Courts have held [however] that failure to give proper notice of default is a legally insufficient special defense." Union Trust Co. v. Jackson, supra,42 Conn. App. 417. Further, "lack of proper notice of default in a foreclosure action does not attack the making, validity or enforcement of the mortgage, nor does it show that the plaintiff has no cause of action." (Internal quotation marks omitted.) First Union National Bankv. Shaver, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV 98 0063097 (September 3, 1998, Curran, J.). The defendants special defenses are insufficient as a matter of law.
 CONCLUSION
For the foregoing reasons, the plaintiff's motion for summary judgment as to the defendant's liability on the note and mortgage is granted.
Martin, J.